[No. B044736. Second Dist., Div. Four. Apr. 18, 1991.]

ANTHONY VELASQUEZ et al., Plaintiffs and Appellants, v.
TRUCK INSURANCE EXCHANGE et al., Defendants and Respondents.

714

## COUNSEL

Kern & Wooley and H. Vincent McNally for Plaintiffs and Appellants.

Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, Craig S. Simon, Julia A. Mouser and Samuel M. Danskin for Defendants and Respondents.

## OPINION

**WOODS (A. M.), P. J.**—Anthony and Ampelia Velasquez (appellants) appeal from the judgment entered in favor of Truck Insurance Exchange, Farmers Insurance Exchange and the Farmers Insurance Group (collectively, Farmers) in their bad faith action. Judgment followed the granting of Farmers's motion for summary judgment on the grounds that the action was barred by the one-year limitations clause contained in the insurance policy, breach of which formed the basis of appellants' action.

In July 1985, appellants purchased an apartment building which they insured with Farmers under a property and multiperil policy. On March 24, 1986, a fire damaged a portion of the building. Two days later, on March 26, appellants filed a claim with Farmers. Appellants also retained the services of an independent claims adjustment service called Rainbow Claim Service.

On April 1, 1986, Farmers sent a reservation of rights letter to appellants indicating that the policy had been cancelled in September 1985, more than six months prior to the fire. The letter informed appellants that Farmers would investigate the occurrence "to determin[e] the facts of the loss and the coverage issue." It stated it did so "with a full reservation of its rights under the law and under the insurance policy."

Subsequently, on May 5, 1986, Farmers sent appellants a letter denying their claim on the grounds that the policy had been cancelled. Appellants were also informed of the denial of their claim by Rainbow Claims Service, in a letter dated June 16, 1986. A letter from appellants' counsel, date July 3, 1986, challenged the denial of coverage on the grounds that appellants had never received either a cancellation notice or a refund check. The letter warned Farmers that unless documentation was provided to establish the cancellation, appellants would file "a bad faith lawsuit" against Farmers.

This letter resulted in a second letter from Farmers in which it restated its position that the policy had been cancelled for nonpayment of premium and reaffirmed denial of coverage.

On May 5, 1988, two years after denial of their claim, appellants filed a complaint against Farmers alleging causes of action for "breach of fair dealing and good faith" and "breach of statutory duties," the latter being violations of Insurance Code section 790.03, subdivision (h). The actions by Farmers which appellants alleged constituted bad faith were Farmers's denial of appellants' claims based on its assertion "that the policy was cancelled . . . for non-payment of premiums . . . ." Appellants sought "damages under the policy, plus interest" as well as other compensatory and punitive damages.

Farmers's amended answer raised a number of affirmative defenses including a defense based on the limitations clause contained in the insurance policy. Under that clause, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Subsequently, Farmers moved for summary judgment on grounds that the action was barred by the limitations clause. Its motion was granted and judgment entered in its favor. This appeal ensued. We affirm.

I

■ In order to prevail on a motion for summary judgment, a defendant must either disprove an essential element of the plaintiff's cause of action or prove an affirmative defense that would bar such cause of action. (*Twain Harte Associates, Ltd.* v. *County of Tuolumne* (1990) 217 Cal.App.3d 71, 83 [265 Cal.Rptr. 737].) Moreover, on the motion, "the issues are defined by the pleadings. [Citations.]" (*Security Pacific National Bank* v. *Adamo* (1983) 142 Cal.App.3d 492, 496 [191 Cal.Rptr. 134]; *Twain Harte Associates, Ltd.* v. *County of Tuolumne, supra*, at p. 80.) ■ Additionally, "[w]here the operative facts are undisputed, the question of the application of the statute of limitations is a matter of law [citation], and summary judgment is proper where the facts show the action is time-barred as a matter of law [citation]." (*Love* v. *Fire Ins. Exchange* (1990) 221 Cal.App.3d 1136, 1142-1143 [271 Cal.Rptr. 246].)

The limitations clause contained in the Farmers policy at issue here is taken word for word from Insurance Code section 2071 which sets forth the standard form for fire insurance policies.[1] This court has expressly upheld the validity of such provisions. (*C & H Foods Co.* v. *Hartford Ins. Co.* (1984)

---

[1]Insurance Code section 2071 provides in pertinent part: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the

163 Cal.App.3d 1055, 1064 [211 Cal.Rptr. 765].) Recently, the Supreme Court also reaffirmed the validity of such clauses. (*Prudential-LMI Com. Insurance* v. *Superior Court* (1990) 51 Cal.3d 674, 683-684 [274 Cal.Rptr. 387, 798 P.2d 1230].) ▮▮▮ The court observed: "When a clause in an insurance policy is authorized by statute, it is deemed consistent with public policy as established by the Legislature. [Citation.] ▮▮▮▮▮▮ In addition, the statute must be construed to implement the intent of the Legislature and should not be construed strictly against the insurer (unlike ambiguous or uncertain policy language). [Citations.]" (*Id.* at p. 684.)[2]

Since appellants did not file their action until more than two years after the occurrence of the loss and two years after denial of their claim, their action was barred by the limitations clause, and summary judgment was proper, unless the limitations clause was inapplicable due to estoppel or waiver.

▮▮ Appellants first contend that Farmers's cancellation of the policy voided the limitations provision, precluding Farmers's reliance on it for purposes of summary judgment. As we noted at the outset of this opinion, "[t]he pleadings determine what issues are 'material' for purposes of [the summary judgment statute]. [Citation.]" (*Twain Harte Associates, Ltd.* v. *County of Tuolumne, supra,* 217 Cal.App.3d at p. 83.) Plainly, appellants' entire action rests on the premise that the policy was in effect at the time of the loss, notwithstanding Farmers's assertions to the contrary. Indeed, the complaint alleges that appellants had paid all premiums and performed their obligations under the contract; that their loss was compensable under the policy; and that Farmers's claim of cancellation was unreasonable and its subsequent denial of benefits was in bad faith. In its amended answer, Farmers raised the limitations clause as an affirmative defense.

Since the complaint asserts the validity of the policy, it was perfectly proper for Farmers to move for summary judgment on the grounds that the action was barred by the policy's limitations clause. (*Love* v. *Fire Ins. Exchange, supra,* 221 Cal.App.3d at pp. 1142-1143 [summary judgment proper if action is time barred].) Appellants seek to claim that Farmers's

requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

[2]In the *Prudential* decision, the Supreme Court adopted a delayed discovery rule where the bad faith action arises from denial of a claim arising from progressive property loss. (*Prudential-LMI Com. Insurance* v. *Superior Court, supra,* 51 Cal.3d at pp. 684-687.) Additionally, the court held that limitation periods in an insurance policy should be tolled from the time the claim is made to the time it is denied. (*Id.* at p. 691.) Even applying the equitable tolling doctrine announced in *Prudential* to the instant case, appellants' action would still be untimely as it was not filed until two years after denial of the claim.

cancellation of the policy was ineffective except as to the limitations clause. The argument fails.

■ Equally without merit is appellants' contention that the purported cancellation of the policy rendered the limitations clause ambiguous. The event that began the period running was the "inception of the loss," not the cancellation of the policy or the denial of the claim. There is no ambiguity.

## II

■ Appellants seek to avoid the limitations bar by contending that such limitations apply only to bad faith actions which are on the policy. They maintain that, under relevant case law, their action is not on the policy and is therefore exempt from the policy limitations clause.

For this proposition, they rely on *Murphy* v. *Allstate Ins. Co.* (1978) 83 Cal.App.3d 38 [147 Cal.Rptr. 565], and *Frazier* v. *Metropolitan Life Ins. Co.* (1985) 169 Cal.App.3d 90, 103-104 [214 Cal.Rptr. 883].)[3] In both these cases a limitations clause similar to that involved in this case was held not to bar bad faith actions which alleged conduct by the insurer occurring after the initial policy coverage. By contrast, cases relied on by Farmers, *Lawrence* v. *Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565 [251 Cal.Rptr. 319], and *Abari* v. *State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530 [252 Cal.Rptr. 565], hold that where the bad faith action is based on allegations relating to the handling of a claim or the manner in which it is processed, it is an action "on the policy" and, therefore, subject to the limitations bar. Appellants' action more closely fits this second class of bad faith actions and the limitations clause applies.

In *Murphy*, relied on by appellants, the insured's bad faith action was based on allegations that workers retained by the insurer to repair and restore the insured's fire-damaged property created further damage in the process. It was additionally alleged that the insurer had unjustifiably prosecuted an interpleader action resulting in delay of payment to the insured of money admittedly owing to him following an appraisal. (*Murphy* v. *Allstate Ins. Co.*, *supra*, 83 Cal.App.3d at p. 46.) The insurer prevailed on a summary judgment motion in which it claimed the action was time barred by the policy's limitations clause. On appeal, the judgment was reversed. The court held that

---

[3]The other two cases relied on by appellants may not be cited. *Associates Nat. Mortgage Corp.* v. *Farmers Ins. Exchange* (Cal.App.) B042021 was directed not to be published by the Supreme Court on April 26, 1990; review was granted on January 4, 1991 (S017747), in *Weiner* v. *Allstate Ins. Co.* (1990) 223 Cal.App.3d 1201 [273 Cal.Rptr. 66], and it was transferred to the Court of Appeal (Fourth Dist., Div. Three) with directions to vacate its opinion and reconsider in light of *Prudential-LMI Com. Insurance* v. *Superior Court, supra,* 51 Cal.3d 674.

the limitations clause had "no applicability to an action unless it is an action on the policy. [Citation.]" (*Id.* at p. 44.)

In concluding that the insured's action was not on the policy, the court pointed out that the wrongful conduct complained of was "with respect to the repair and restoration of the damaged property and the employment of persons to do that work and the allegedly unjustified initiation and prosecution by Allstate of the interpleader action . . . ." (*Murphy* v. *Allstate Ins. Co.*, *supra*, 83 Cal.App.3d at p. 46.) Further, the court pointed out that the damages sought "are not for any loss covered by the insurance policy but for damage to plaintiffs' home and personal property resulting from the untimely and unworkmanlike efforts of the persons and firms Allstate either employed or caused plaintiffs to employ, for the expenses incurred by plaintiffs in connection with the interpleader action and the [third party suit] against plaintiffs allegedly resulting from Allstate's failure to make prompt payment . . . ." (*Ibid.*)

Thus, in *Murphy*, the bad faith action clearly related to activities by the insurer that had nothing to do with the initial claim under the policy.

In *Frazier* v. *Metropolitan Life Ins. Co.*, *supra*, 169 Cal.App.3d 90, the limitations period was held inapplicable to a bad faith action where the bad faith alleged was denial of a double indemnity claim occurring after the initial claim was paid. The insurer paid out the basic death benefit on a claim submitted by the insured's beneficiary but later denied her double indemnity claim citing a policy exclusion for suicide. (*Id.* at pp. 95-97.) The beneficiary sued for, inter alia, breach of contract and prevailed at trial. On appeal, the insurer argued that her action was barred by the policy's limitations clause which provided that any action must be commenced within two years of the filing of the proof of claim.

The court rejected the argument on the grounds that it was not until the insurer denied her double indemnity claim that the beneficiary could ascertain whether she had a cause of action for bad faith. (*Frazier* v. *Metropolitan Life Ins. Co.*, *supra*, 169 Cal.App.3d at p. 103.) Thus, the action did not accrue until such denial. (*Ibid.*)

*Murphy* and *Frazier* were discussed and distinguished in the *Lawrence* and *Abari* cases. In the latter decisions, the courts declined to extend a blanket exemption from policy limitations clauses where the gravamen of the bad faith action pertained to the insurer's handling of the initial claim for loss.

In *Lawrence* v. *Western Mutual Ins. Co.*, *supra*, 204 Cal.App.3d 565, a homeowner brought a bad faith action based on the denial of his claim under

a homeowner's policy for damages due to earth subsidence. The claim had been denied for a number of reasons including the insurer's assertion that the damage existed prior to the date of coverage, that the claim had been presented after the homeowner had repaired the damage, precluding investigation by the insured, and on grounds of timeliness. (*Id.* at p. 570.) The insurer successfully moved for summary judgment under the policy's limitations clause. The Court of Appeal affirmed.

The court rejected the argument that the action was not on the policy, and therefore not subject to the limitations clause. "Lawrence's allegation of tortious bad faith relates to the complete denial of the claim on the underlying policy. In both *Murphy* and *Frazier,* a subsequent event occurred after the initial policy coverage was triggered which was the basis for the [bad faith] cause of action. The subsequent event related to the policy, but either was not a claim directly on the policy (*Murphy*) or was a claim which arose after the insurer paid on the policy but did so not to the satisfaction of the beneficiary of the policy (*Frazier*). Here, Lawrence's cause of action for bad faith in purportedly misrepresenting the scope of coverage in the policy is fundamentally a claim on the policy and is thus time barred." (*Lawrence* v. *Western Mutual Ins. Co., supra,* 204 Cal.App.3d at p. 575.)

Likewise, *Abari* v. *State Farm Fire & Casualty Co., supra,* 205 Cal.App.3d 530, also involved a bad faith action brought after denial of a claim for subsidence damage to the insured's property. The insurer's demurrer was sustained on grounds of the limitations clause, and the ensuing judgment affirmed on appeal. In *Abari,* too, the appellate court rejected the insured's reliance on *Murphy* because *Murphy* involved "wrongful conduct by the insurer subsequent to their fire loss . . . ." (*Abari* v. *State Farm Fire & Casualty Co., supra,* at p. 536.) By contrast, in *Abari,* the fact that the insured sought the policy benefits plus interest revealed that the action was "a transparent attempt to recover on the policy" and was time barred. (*Ibid.,* italics omitted.)

The *Lawrence* and *Abari* decisions evince a trend by the appellate courts to limit the exemption from the limitations clause set forth in *Murphy* and *Frazier* to the facts of those cases. (*Prudential-LMI Com. Insurance* v. *Superior Court, supra,* 51 Cal.3d at p. 692. See also *State Farm Fire & Casualty Co.* v. *Superior Court* (1989) 210 Cal.App.3d 604, 609 [258 Cal.Rptr. 413]; *Prieto* v. *State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 1188, 1192-1196 [275 Cal.Rptr. 362].) That exemption applies only where the events constituting bad faith occur after initial policy coverage. Where denial of the claim in the first instance is the alleged bad faith and the insured seeks policy benefits, the bad faith action is on the policy and the limitations provision applies.

Appellants claim that their action for wrongful cancellation of the policy and denial of their claim refers to events occurring before and after the loss and is not, therefore, an action on the policy. This assertion does not withstand close scrutiny.

A bad faith action based on denial of a claim in the underlying policy is an action on the policy. (*Lawrence* v. *Western Mutual Ins. Co.*, *supra*, 204 Cal.App.3d at p. 575.) Among the damages sought by appellants are the policy benefits plus interest, revealing that their action, like the insured's in *Abari*, is an "attempt to recover on the policy . . . ." (*Abari* v. *State Farm Fire & Casualty Co.*, *supra*, 205 Cal.App.3d at p. 536, italics omitted.) It is true that appellants seek additional damages as well. Such damages, however, relate solely to their allegations of denial of their claim and wrongful cancellation and not to any additional acts by Farmers. The two claims are inextricably bound. None of the actions alleged by appellants as bad faith relate to events subsequent to initial policy coverage so as to convert their action from one on the policy to one which is not.

### III

■ Appellants argue that, even if the policy limitations clause is applicable, Farmers has waived its right to assert it. "It is settled law that a waiver exists whenever an insurer intentionally relinquishes its right to rely on the limitations provision. [Citations.]" (*Prudential-LMI Com. Insurance* v. *Superior Court*, *supra*, 51 Cal.3d at p. 689.) Whether a waiver has occurred depends solely on the intention of the waiving party. (*Elliano* v. *Assurance Co. of America* (1970) 3 Cal.App.3d 446, 450 [83 Cal.Rptr. 509].) An intention to waive a limitations provision is not evinced by the failure to raise that point in a letter denying a claim. (*Becker* v. *State Farm Fire & Cas. Co.* (N.D.Cal. 1987) 664 F.Supp. 460, 461-462.)

Appellants contend that by purportedly cancelling the policy, Farmers thereby waived its right to rely on the limitations clause. According to appellants, Farmers's conduct "declared to [appellants'] counsel, and to any reasonable person examining the situation, that [Farmers] intended to . . . relinquish any rights [under the policy]."

In fact, however, Farmers's reservation letter expressly reserved to it "its rights under the law and under the insurance policy." The fact that the limitations period was not raised in Farmers's subsequent denial letter does not constitute waiver. Moreover, appellants' argument suggests that their understanding of Farmers's conduct, rather than evidence of Farmers's actual intent, is sufficient to show waiver. This is not the law.

■ Taking another tack, appellants argue that by cancelling the contract, Farmers was estopped to raise the limitations clause. ■ "An estoppel 'arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action.' (3 Witkin, Cal. Procedure (3d ed. 1985), Actions, § 523, p. 550.)" (*Prudential-LMI Com. Insurance* v. *Superior Court, supra,* 51 Cal.3d at pp. 689-690.) Thus, the issue is whether action by Farmers lulled appellants into delaying the filing of their lawsuit until after the limitations period had expired. (*State Farm Fire & Casualty Co.* v. *Superior Court, supra,* 210 Cal.App.3d at p. 611.)

■ For this argument, one of the elements that appellants are required to show is detrimental reliance on any such action by Farmers. (*Miller* v. *Elite Ins. Co.* (1980) 100 Cal.App.3d 739, 754 [161 Cal.Rptr. 322].) The only action by Farmers upon which appellants could have relied, is Farmers's cancellation of the policy. Appellants have never accepted the cancellation and subsequent denial of benefits, as valid. Clearly, there was no detrimental reliance, and, hence, no estoppel.

■ Finally, appellants maintain that summary judgment was improper because there was a triable issue of material fact as to the propriety of the cancellation of their contract. For the purposes of the motion, however, Farmers conceded that the policy was in effect at the time of the loss. Accordingly, cancellation was not an issue.

The judgment is affirmed. Respondents to recover costs.

George, J., and Goertzen, J., concurred.