91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David DIAMOND; Jacqueline Diamond, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-56763.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided June 28, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, David and Jacqueline Diamond, argue that Allstate was not entitled to judgment notwithstanding the verdict, because it failed to bring a Rule 50(b) motion for judgment as a matter of law at the conclusion of all the evidence. The argument is misplaced, because Allstate neither sought nor obtained a judgment notwithstanding the verdict.
 
 
 3
 The judgment was consistent with and compelled by the verdict. The verdict determined that Allstate breached its policy, damaged the Diamonds as of April 15, 1991, and the Diamonds knew about it April 15, 1991. Based on that verdict, the magistrate judge determined that under the applicable one year limitations period, the Diamonds could not recover their damages because they did not sue until more than a year after April 15, 1991.
 
 
 4
 Allstate's motion did not put the sufficiency of evidence to support the jury's verdict at issue. A motion for a judgment consistent with facts found by the jury in its special verdict does not require a motion for judgment at the conclusion of the evidence. Pierce v. Southern Pacific Transp. Co., 823 F.2d 1366, 1369 (9th Cir.1987).
 
 
 5
 Appellants next argue that the April 15, 1991, denial of home replacement coverage was not unequivocal. The jury verdict establishes that Allstate breached its contract (the home replacement coverage) on April 15, 1991. The verdict also establishes that Allstate misrepresented its coverage on that date with sufficient clarity so that the appellants should have reasonably discovered the breach and falseness of the representation.
 
 
 6
 There was sufficient evidence for these special verdicts. The April 15, 1991, letter says that the applicable policy "does not carry the additional endorsements and has a policy limit of $137,000." Whether it was right or wrong, there was nothing equivocal or tentative about Ms. Almeida's statement of Allstate's position. California law requires no more unequivocal or emphatic statement of position than what she wrote. Velasquez v. Truck Ins. Exchange, 5 Cal.Rptr.2d 1, 3 & n. 2 (Cal.App.1991); Gantman v. United Pacific Ins. Co., 284 Cal.Rptr. 188, 191 n. 2 (Cal.App.1991); Prieto v. State Farm Fire and Cas. Co., 275 Cal.Rptr. 362, 366 (Cal.App.1990). In fact, as Allstate points out, Liberty Transport v. Harry W. Gorst Co. held that insurers are not required "to take firm unmovable positions before a denial letter can be considered unconditional." 280 Cal.Rptr. 159 (Cal.App.1991), overruled on other grounds by Adams v. Murakam, 813 P.2d 1348 (Cal.1991) (disapproving of Liberty Transport 's approach to review of punitive damage awards). Nothing in Prudential-LMI Commercial Ins. v. Superior Court, 798 P.2d 1230 (Cal.1990), or other California case law, suggests that the district court erred in its formulation of the special verdict. Prudential-LMI uses the word "unequivocal," but only in the context of comparing a subsequent denial to earlier warnings that the claim would be denied if the insured did not comply with certain requests. 798 P.2d at 1242.
 
 
 7
 Appellants argue that the limitations period should either be tolled, or deemed waived, or in the alternative that Allstate should be estopped from asserting it. Their argument that the forfeiture caused by the limitations period violates public policy cannot be right. A California statute requires the one-year limitation on suits to be provided in home insurance policies. Cal.Ins.Code, § 2071; Prudential-LMI, 798 P.2d at 1236. That statute establishes what the public policy of California is.
 
 
 8
 Appellants argue that Allstate can show no prejudice from the lateness of the lawsuit. That argument is misplaced, because no showing of prejudice is required for enforcement of a statute of limitations. State Farm Fire & Cas. Co. v. Superior Court, 258 Cal.Rptr. 413, 418 (Cal.App.1989).
 
 
 9
 Appellants argue that the limitations period should have been equitably tolled. See Stalberg v. Western Title Ins. Co., 32 Cal.Rptr.2d 750, 754 (Cal.App.1994). In fact, the limitations period was tolled beginning in 1984, when appellants learned of the defect affecting their house, foundation, and underlying soil, to April 15, 1991, when Allstate denied home replacement coverage. But, as the magistrate judge determined, there was no evidence to support equitable tolling after April 15, 1991.
 
 
 10
 Likewise, the magistrate judge correctly determined that there was no evidence that Allstate had waived the one year limitations period for the home replacement guarantee coverage. Allstate said plainly on April 15, 1991, that the home replacement guarantee coverage did not exist for this claim, and never took subsequent action to waive its position. "California courts will find waiver when a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1559 (9th Cir.1991). Its subsequent negotiations to settle with the Diamonds did not waive Allstate's position that it had not furnished the disputed coverage. Elliano v. Assurance Co. of America, 83 Cal.Rptr. 509 (Cal.App.1970), is not analogous, because the policy in that case did not include the one-year limitations provision, the disputed coverage was not denied, and the insurer admitted that the loss was covered. Id. at 511-12. The tender of the $150,700 on June 16, 1992, might arguably waive the one-year limitations for that amount, but that amount is not what the Diamonds are putting at issue. This tender was of the limit without the disputed home replacement guarantee.
 
 
 11
 Appellants claim that Allstate should be estopped from asserting the limitations period. "An estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action.' " Prudential-LMI, 798 P.2d at 1240 (quoting 3 Witkin, Cal.Procedure, Actions § 523, at 550 (3d ed. 1985)). California estoppel cases fall into three categories: (1) where the plaintiff is aware of his cause of action, but the wrongdoer induces the plaintiff through affirmative acts to refrain from filing suit; (2) where the plaintiff is unaware of his cause of action and his ignorance is due to false representations by the defendant; and (3) where the plaintiff is unaware of the wrongdoer's identity due to fraudulent concealment. Id. The magistrate judge correctly determined that there was no evidence to support an estoppel under any of these theories.
 
 
 12
 Appellants argue that their fraud claim could not be barred by the one-year limitations provision in the policy, because it was based on false representations during the claims handling process, as opposed to a claim on the policy. The jury found that the fraud was committed, and appellants knew or should have known about it, by April 15, 1991, more than a year before they filed suit. The $12,050 which the jury attributed to fraud was for statements by Voss and Almeida regarding the policy coverage. A claim of "misrepresentations in the policy concerning coverage" is treated as a claim on the policy and subject to the one-year limitations provision, under California law. Lawrence v. Western Mutual Ins. Co., 251 Cal.Rptr. 319, 324 (Cal.App.1988). Such a claim is treated as "inextricably bound" to the policy benefits and is "an attempt to recover on the policy." Velasquez, 5 Cal.Rptr.2d at 4. Because the fraud claim itself was barred, punitive damages on the fraud claim were properly denied as a matter of law.
 
 
 13
 We do not reach Allstate's alternative argument that latent defect caused the damage. Because coverage under the policy was barred by the limitations provision, we need not determine whether coverage would have been barred on this alternative ground.
 
 
 14
 Allstate has moved to strike new factual assertions made in appellant's reply brief, or in the alternative, for leave to file a surreply brief. We grant the motion to strike, to the extent that the challenged statements might be deemed statements of fact as opposed to inferences and arguments from the facts, and deny the alternative motion to file a surreply brief.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3