Filed 1/20/15  Kohl v. Del Amo Hospital CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| KEITH KOHL, | B255428 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC502941) |
| v. | |
| DEL AMO HOSPITAL, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Reversed and remanded.

Henry J. Josefsberg for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Roy G. Weatherup, Alan R. Zuckerman, Keri Lynn Bush, for Defendants and Respondents.

_____

Plaintiff and appellant Keith Kohl appeals from a judgment in favor of defendants and respondents Del Amo Hospital, Inc. and UHS of Delaware, Inc. (collectively, Del Amo) after the trial court determined a contractual six-month limitations period barred all the causes of action stated in Kohl's complaint.  The court ruled the shortened statute of limitations was not invalid as being unconscionable or a public policy violation.  Kohl contends *Ellis v. U.S. Security Associates* (2014) 224 Cal.App.4th 1213 (*Ellis*) provides grounds for reversing the trial court's decision with respect to the causes of action he asserts under the Fair Employment and Housing Act (FEHA) (Gov. Code, §§12900-12996.)[1]  Kohl further contends that the shortened limitations period is unenforceable as to his nonstatutory, common law claims.  We conclude that enforcement of the shortened limitations period would be unreasonable, not only as to Kohl's FEHA claims, but as to his common law claims for wrongful termination in violation of public policy and wrongful demotion in violation of public policy as well.[2]  We reverse the judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2011, Kohl signed and submitted an online application seeking employment with Del Amo as a registered nurse.  The last part of the application consisted of a certification and agreement, about three-quarters of a page long, in which the applicant certifies that the facts provided in the application are true, and agrees to 13 separate items "[i]n consideration of being employed."  Item number 13 stated:  "READ CAREFULLY BEFORE SIGNING.  I agree that any claim or lawsuit relating to my service with [Del Amo] must be filed no more than six (6) months after the date of the

---

[1] All further statutory references are to the Government Code, unless otherwise stated.

[2] Based on our conclusions, we decline to address other contentions raised on appeal by Kohl.

2

employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary."

Kohl's employment with Del Amo began on August 25, 2011, and continued until his termination on April 6, 2012. According to Kohl, while he was employed at Del Amo as a night shift supervisor, he reported to his direct supervisor "multiple issues regarding patient safety, medication consent, and staffing issues." He was demoted to the position of night shift charge nurse in February 2012, and terminated in April 2012. In a complaint filed with the California Department of Fair Employment and Housing (DFEH) on August 3, 2012, Kohl asserted he "was demoted and then terminated due to . . . whistleblowing activity in an atmosphere of gender discrimination." DFEH issued a right to sue letter the same day.

On March 14, 2013, Kohl filed an action against Del Amo, alleging eight causes of action based on allegations of discrimination, retaliation, and wrongful termination. Three of Kohl's causes of action arose under FEHA and the remaining were nonstatutory, common law causes of action. Del Amo's answer included an affirmative defense based on a contractual limitations period.

Del Amo filed a pretrial motion seeking a bifurcated trial, requesting the court to first decide whether Kohl's claims were barred by a contractual limitations period. Del Amo contended that all of Kohl's claims were barred by the agreement imposing a six-month limitations period on any claim or lawsuit relating to Kohl's employment with Del Amo.

The court held a bench trial limited to the question of whether the contractually shortened limitations period barred Kohl's claims. Noting that there were no contested factual issues and that neither side had cited governing law directly on point, the trial court concluded that "the shortened statute of limitations is enforceable and a bar to this

3

lawsuit, and not invalid as being unconscionable, or a public-policy violation per se." Kohl filed a timely appeal.[3]

## DISCUSSION

### Standard of Review

"It is a question of law whether a case or a portion of a case is barred by the statute of limitations, and we are not bound by the trial court's determination and instead conduct a de novo review." (*Pugliese v. Superior Court* (2007) 146 Cal.App.4th 1444, 1448; see also *City of El Cajon v. El Cajon Police Officers' Assn.* (1996) 49 Cal.App.4th 64, 71 [contracts are reviewed de novo unless interpretation turns on extrinsic evidence]; *Price v. Connolly-Pacific Co.* (2008) 162 Cal.App.4th 1210, 1218 [issues presented based on stipulated facts are reviewed de novo].)

### FEHA Claims

It is well-settled under California law that parties to a contract may agree to shorten the statute of limitations, "provided the period fixed be not so unreasonable as to show imposition or undue advantage in some way." (*Beeson v. Schloss* (1920) 183 Cal. 618, 622 (*Beeson*).) In order to be reasonable, a contractually shortened limitations period "'must provide a party sufficient time to effectively pursue a judicial remedy. A contractual period of limitation is reasonable if the plaintiff has a sufficient opportunity to investigate and file an action, the time is not so short as to work a practical abrogation of the right of action, and the action is not barred before the loss or damage can be

---

[3] Kohl filed a notice of appeal on March 28, 2014, before judgment was signed and entered on April 9, 2014. We treat the premature notice of appeal as a valid appeal from the judgment. (*In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1262.)

4

ascertained. On the other hand, a contractual limitation provision that requires the plaintiff to bring an action before any loss can be ascertained is per se unreasonable.' [Citation.]" (*Ellis, supra,* 224 Cal.App.4th at p. 1223.) The reasonableness of the agreement is determined based on the circumstances existing at the time the parties enter into an agreement, not at the time the suit is filed. (*Capehart v. Heady* (1962) 206 Cal.App.2d 386, 389 (*Capehart*).)

California courts have upheld contractual agreements to shorten applicable limitations periods in a variety of contexts. (*Tebbets v. Fidelity and Casualty Co*. (1909) 155 Cal. 137, 139 [six-month limitations period on actions for benefits under an accident life insurance policy not unreasonable]; *Beeson*, *supra*, 183 Cal. 618, 622 [six-month period to bring action for unpaid commissions reasonable]; *Capehart*, *supra*, 206 Cal.App.2d 386, 391 [reasonable to require tenant to sue within three months of landlord's notice to quit].)

Courts have examined whether it is substantively unconscionable to shorten the applicable statute of limitations, particularly in the employment context. Some courts have found unconscionability (see, e.g., *Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 117-118 (*Martinez*) [contractual six-month limitations period for bringing statutory discrimination claims is unconscionable and insufficient to protect employees' right to assert their statutory rights]), while others have not (see, e.g., *Soltani v. Western & Southern Life Ins. Co.* (9th Cir. 2001) 258 F.3d 1038, 1043 (*Soltani*) ["the weight of California case law strongly indicates that the six-month limitation provision is not substantively unconscionable"]; *West v. Henderson* (1991) 227 Cal.App.3d 1578, 1588 [six-month contractual limitations period in a lease not unconscionable, despite lack of mutuality], overruled on other grounds in *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Ass'n* (2013) 55 Cal.4th 1169).

At the time the trial court ruled on the enforceability of the six-month limitations period in the present case, no California court had examined whether it would be unreasonable for parties to contractually shorten the statute of limitations applicable to FEHA claims. Less than a month after the court held its bench trial and found the

5

contractually shortened limitations period enforceable, the First District Court of Appeal published *Ellis*, examining the very issue before the trial court in our case and holding that an agreement for a six-month limitations period applicable to FEHA claims was unreasonable and against public policy. (*Ellis*, *supra*, 224 Cal.App.4th at pp. 1220-1232.) We briefly summarize the reasoning in *Ellis* below.

The *Ellis* court first reviewed the public policies underlying the FEHA statutory scheme and the protections it offers to employees, pointing out that the act "declares it the 'public policy' of California to 'protect and safeguard' the rights of employees against discrimination." (*Ellis, supra*, 224 Cal.App.4th at p. 1220.) It explained the administrative process for filing a claim with DFEH, noting that a claimant had one year from the date of the unlawful act to file a claim, and one year after DFEH issued a "right to sue" letter to file a lawsuit. (*Id.* at p. 1221.) Next, the court explained the policy purposes behind statutes of limitations: "As distilled by our Supreme Court, there are 'several policies underlying such statutes. One purpose is to give defendants reasonable repose, thereby protecting parties from "defending stale claims, where factual obscurity through the loss of time, memory or supporting documentation may present unfair handicaps." [Citations.] A statute of limitations also stimulates plaintiffs to pursue their claims diligently. [Citations.] A countervailing factor, of course, is the policy favoring disposition of cases on the merits rather than on procedural grounds. [Citations.]' [Citation.]" (*Ibid.*)

Turning next to the question of whether an employment application could contain an agreement to shorten the limitations period applicable to FEHA claims, the *Ellis* court pointed out that a leading employment law treatise had already called into question the enforceability of such a provision, and that *Martinez* had found such a provision to be "unconscionable, 'permeated with illegality, and unenforceable.' [Citation.]" (*Ellis*, *supra*, 224 Cal.App.4th at. p. 1224.) In *Martinez*, the court emphasized that statutory claims such as FEHA claims or wage and hour claims under the Labor Code have a different status with respect to whether and how the statutory protections associated with such claims may be waived. (*Martinez*, *supra*, 118 Cal.App.4th at pp. 117-118.)

6

Specifically, in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 101 (*Armendariz*), the California Supreme Court has emphatically held that "parties agreeing to arbitrate statutory claims must be deemed to 'consent to abide by the substantive and remedial provisions of the statute . . . .'"

The *Ellis* court then reasoned that because the FEHA statutory scheme provided a two to three-year time frame for filing a lawsuit, the Legislature had determined that period was necessary to provide an effective remedy under FEHA. In contrast, a six-month period would not provide "'sufficient time for the effective pursuit of the judicial remedy.'" (*Ellis*, *supra*, 224 Cal.App.4th at p. 1225, quoting 3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 469, p. 595.) Permitting an employee to agree to so dramatically reduce the time frame for vindicating his or her statutory rights under FEHA (from a maximum of three years down to six months) would violate the public policy underpinning FEHA. (*Ellis*, *supra*, at p. 1225.)

The *Ellis* court went on to discuss other aspects of the law that provided support for its conclusion. In 2002, the Legislature had increased the limitations period applicable to lawsuits seeking redress for wrongful acts or neglect resulting in personal injury, finding a one-year period "unduly short" and adopting a two-year period to ensure fairness to all parties. The *Ellis* court agreed with the legislative finding that an extended limitations period would potentially reduce litigation because a victim would have more time to investigate and develop a case, and potentially settle it before even filing a suit. (*Ellis*, *supra*, 224 Cal.App.4th at p. 1226.) The *Ellis* court also pointed out that a six-month limitations period would not be reasonable because it "effectively eliminates any meaningful participation by the DFEH," a key aspect of the FEHA statutory scheme. (*Ibid.*) The court also found a six-month limitations period would lead to some anomalous results, including differing deadlines for different acts, rather than a single deadline measured from the date DFEH issues a right-to-sue letter, and a situation where the corporate employer would have the benefit of a contractually shortened limitation period, while individual defendants (who are not parties to the agreement) would not. (*Ibid.*)

7

The *Ellis* court rejected the defendant's argument, similar to the one made by respondents in this appeal, that California law has historically permitted parties to freely contract to shorten applicable limitations periods. It distinguished a number of employment cases upholding shortened limitations periods, including *Soltani*. The plaintiffs in *Soltani* sued for wrongful termination in violation of public policy and unfair business practices, but did not assert any statutory claims under FEHA. The agreement was also different, involving a six-month limitations period that began running from the date of termination, therefore permitting a longer time for acts occurring during employment. (*Ellis, supra*, at p. 1229.) The *Ellis* court instead focused on *Soltani*'s striking of a 10-day notice provision as lacking any justification. Because there was no proffered or reasonable justification for requiring an employee to provide the company a written notification 10 days before filing suit, the *Soltani* court concluded that the effect was "'merely to "maximize employer advantage" and bar any suits relating to the employment agreement.'" (*Ellis*, *supra*, at p. 1230, quoting *Soltani, supra,* 258 F.3d at pp. 1046-1047.)

Ultimately, we agree with *Ellis*'s reasoning that a contract that shortens the limitations period for pursuing statutory claims, here plaintiff's FEHA claims, merits closer scrutiny by virtue of the fact that such agreements involve a statutory scheme embodying legislatively enacted public policies that have been given special protection in other contexts. (*Sonic-Calabasas A., Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1145-1152; *Armendariz*, *supra*, 24 Cal.4th at p. 101.) The Legislature has enacted a limitations period and process uniquely applicable to FEHA claims. (§§ 12960, subd. (d); 12965, subds. (b) and (d)). Decisions by the California Supreme Court clearly hold that private parties cannot contractually waive the statutory protections contained in FEHA and similar schemes. Relying on those decisions and *Ellis*, we conclude that the shortened, six-month limitations period is unreasonable and unenforceable with respect to Kohl's FEHA claims.

8

## Common Law Claims

We conclude the six-month limitations period is also unenforceable as to Kohl's common law wrongful termination and demotion causes of action because it would undermine public policy and therefore be unreasonable to require the claims to be brought in such a short time frame.

Kohl seeks to proceed on two common law causes of action:  wrongful demotion in violation of public policy and wrongful termination in violation of public policy.[4] Causes of action for wrongful demotion in violation of public policy and wrongful termination in violation of public policy are only viable if a plaintiff alleges adverse employment actions that contravene fundamental and substantial public policy.  (*Boston v. Penny Lane Centers, Inc.* (2009) 170 Cal.App.4th 936, 947 [plaintiff's discharge for complaining about unsafe work environment supported claim for wrongful termination in violation of public policy]; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 670-671 [wrongful termination in violation of public policy]; *Garcia v. Rockwell Internat. Corp.* (1986) 187 Cal.App.3d 1556, 1561 [wrongful demotion in violation of public policy], abrogated on other grounds in *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1093.)  Such claims are often referred to as *Tameny*[5] claims.  The discussion in *Ellis* about the public policies underlying the FEHA statutory scheme persuades us that enforcing a contractually shortened limitations period with respect to *Tameny* claims would also not be reasonable.  Doing so would reduce the time to bring a *Tameny* claim from one year (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1209) to six months, and would impact not only the contracting parties, but the

---

[4] Kohl's counsel conceded at oral argument he would no longer be pursuing the cause of action for intentional infliction of emotional distress.  The record does not reveal why the causes of action for unsafe working conditions and unfair business practices, originally pled in Kohl's complaint, were no longer at issue at trial. Our analysis only addresses the remaining two common law causes of action.

[5] *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 (*Tameny*).

public that has a generalized interest in continued enforcement of well-established public policies.  Our conclusion is supported by the holding in *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1077, where the California Supreme Court concluded that employees could not contractually waive their right to bring *Tameny* claims because "an employment agreement that required employees to waive claims that they were terminated in violation of public policy would itself be contrary to public policy."  The court explained its reasoning as follows:  "A *Tameny* claim is almost by definition unwaivable.  '[The] public policy exception to the at-will employment rule must be based on policies "carefully tethered to fundamental policies that are delineated in constitutional or statutory provisions . . . ."'  [Citation.]  Moreover, the public policy that is the basis for such a claim must be '"'public' in that it 'affects society at large' rather than the individual, must have been articulated at the time of discharge, and must be '"fundamental"' and '"substantial"''"  [Citation.]  Thus, a legitimate *Tameny* claim is designed to protect a public interest and therefore '"cannot be contravened by a private agreement."'  [Citation.]"  (*Ibid*.)

## DISPOSITION

The judgment is reversed and the cause is remanded for further proceedings. Parties to bear their own costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

GOODMAN, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11