[S. F. No. 144.   Department Two.—August 4, 1896.]

LEILA ELLIS, APPELLANT, v. MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, RESPONDENT.

LIFE INSURANCE—NONPAYMENT OF PREMIUM—MASSACHUSETTS LAW—TEMPORARY INSURANCES—TIME FOR PROOFS—WAIVER.—A Massachusetts Life Insurance Company, by a general provision limiting the presentation of proofs of death to two years after the death of the insured, waives the provision of the Massachusetts statute, that in case of one who has temporary insurance thereunder after nonpayment of premiums, notice of the claim and proof of death during the period of temporary insurance shall be submitted to the company within ninety days after the decease.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. SEAWELL, Judge.

The facts are stated in the opinion.

*Freeman & Bates*, for Appellant.

The defendant in its policy waived presentation of proof of death within the ninety days required by the statute of 1861.   (May on Insurance, 3d ed., 1076; *Lewis* v. *Monmouth Mut. etc. Ins. Co.*, 52 Me. 492; *De Graff* v. *Queen, Ins. Co.*, 38 Minn. 501; 8 Am. St. Rep. 685; *New Orleans Ins. Co.* v. *Gordon*, 68 Tex. 144; *Wells, Fargo* v. *Pacific Ins. Co.*, 44 Cal. 397.)   If a party gives notice of death as soon as he has the information, he has done all that it is possible for him to do and the delay will not prevent a recovery unless he has contracted in express terms that the delay shall have this effect.   (*Trippe* v. *Provident Fund Soc.*, 140 N. Y. 23; 37 Am. St. Rep. 529; *Insurance Co.'s* v. *Boykin*, 12 Wall. 433; *Case* v. *Sun Ins. Co.*, 83 Cal. 473; Niblack on Accident Insurance, sec. 415; *Coventry Mut. etc. Ins. Assn.* v. *Evans*, 102 Pa. St. 281.)

*Morrison, Stratton & Foerster*, for Respondent.

The defendant did not in its policy waive presentation

of proof of death within ninety days, and the complaint does not, therefore, state facts sufficient to constitute a cause of action. (Civ. Code, secs. 1641, 1652.) The policy in express terms provides that if premiums are not paid when due, or if notice and proof of death are not made within the time limited, then the policy shall cease and determine, and the plaintiff was not excused from giving notice of death. (Biddell on Insurance, sec. 895; *Klein* v. *Insurance Co.*, 104 U. S. 88; *New York Life Ins. Co.* v. *Statham*, 93 U. S. 24; *Owen* v. *Farmers' Joint Stock Ins. Co.*, 57 Barb. 520.)

SEARLS, C.—This is an action to recover upon an insurance policy issued by the defendant, a corporation, organized and existing under and by virtue of the laws of the state of Massachusetts, on the seventeenth day of December, 1878, to William H. Ellis of New Orleans, in the state of Louisiana, insuring the life of him, the said William H. Ellis, for two thousand dollars, loss payable to Leila Ellis, wife of the insured and plaintiff herein.

· A demurrer was interposed to plaintiff's amended complaint based upon the ground that said complaint does not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court and judgment rendered in favor of defendant. Plaintiff appeals.

The amended complaint shows that the annual premium was payable in quarterly installments, and was paid to and including the quarterly installment which fell due September 17, 1885. Thereafter no premiums were paid.

The insured died at New Orleans, in October, 1892. In July, 1894, plaintiff presented due notice and satisfactory proof of death to defendant, and defendant refused payment. Two of the provisions of the policy are as follows:

"Second. That this policy shall not take effect until the advance premium hereon shall have been paid during the lifetime of the person whose life is hereby

insured, and that, if any subsequent premium or installment of premium on this policy shall not be paid on or before the day when due, then this policy shall cease and determine, except as provided in chapter 186, Laws of the Commonwealth of Massachusetts, approved April 10, 1861, under the provisions of which law this contract is made. (A copy of this law is printed on the third page of this policy.)"

"Thirteenth. That no claim shall exist under this policy unless due notice and satisfactory proof of death shall be presented in writing to the officers of the said company at the home office in Springfield, Massachusetts, within two years after the death of the person whose life is hereby insured, and that, in accordance with the provisions of the general statutes of the Commonwealth of Massachusetts, chapter 58, section 16, the time within which any suit shall be brought against the said company on any claim under this policy is hereby limited to two years from the time when the right of action accrues."

The General Statutes of Massachusetts, approved April 10, 1861, are set forth in the complaint.

Without quoting the statute at length, it is sufficient to say that the policy issued and was payable in the state of Massachusetts, and that by the statute referred to in the policy, and set out in the complaint (Mass. Laws 1861, c. 186), it is provided that no policy of insurance on life hereafter issued (after 1861) shall be forfeited or become void by the nonpayment of premium thereon, but in such cases the net value of the policy when the premium becomes due and is not paid shall be determined according to the "combined experience" or "actuaries" rate of mortality, with interest at four per cent per annum. Four-fifths of such net value, after deducting all indebtedness to the company, if any, shall be considered a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of the premium.

If the death of the insured occurs during the term of the insurance covered by the value of the policy as aforesaid, and if no other condition of the policy has been broken except the nonpayment of premiums, the company shall be bound to pay the amount of the policy the same as if there had been no lapse of premium.

"*Provided, however,* that notice of the claim and proof of death shall be submitted to the company within ninety days after the decease."

It is further provided that the company may deduct from the amount due on the policy the premiums forborne and six per cent interest thereon.

The complaint shows that the net value of the policy at the date when the payment of premiums ceased constituted a sum which kept the policy alive up to December, 1895, and that the insured died in 1892.

Plaintiff further shows in apt words that she was not aware of the death of the insured until June, 1894, and that she gave notice, etc., and in July, 1894, presented proofs, etc., to defendant.

The court below held, in sustaining the demurrer, that under section 2 of chapter 186, of the laws of the commonwealth of Massachusetts, approved April 10, 1861, it was incumbent upon the beneficiary under the policy to give notice of the claim and proof of the death to the company within ninety days after the decease of the insured. The propriety of this ruling is the only question involved on the appeal.

Appellant's contention is, that "the defendant in its policy waived presentation of proof of death within the ninety days required by the statute of 1861."

We proceed to the consideration of the question of waiver by the defendant.

The statute of 1861 simply provides that in case of failure to pay the annual premiums no forfeiture shall occur by reason thereof, but treats the sums already paid, after making the deductions therein provided for, as a premium to uphold the policy so long as its amount will serve such purpose. Broadly stated, it treats the

net value of the policy at the date of default as a cash payment of that date on account of premiums, and the policy will not be forfeited until such payment is exhausted. This is by the statute termed *temporary insurance.*

If the death of the insured occurs within this period of temporary insurance, and no other condition of the policy than the nonpayment of premium has been violated by the insured, " the company shall be bound to pay the amount of the policy the same as if there had been no lapse of premium, anything in the policy to the contrary notwithstanding, provided, however, that notice of the claim and proof of death shall be submitted to the company within ninety days," together with another proviso not important here.

This requirement in reference to the time of notice and proof of death is imperative and binding upon the insured and his beneficiaries. But this is a provision incorporated in the law for the benefit of the insurer. A provision in a law, or in a contract intended for the benefit of a party may be waived by the party to be benefited thereby.

Did the insurers waive this clause in the Massachusetts statute? We think this question should be answered in the affirmative. It inserted in its policy the following condition: " That no claim shall exist under this policy unless due notice and satisfactory proof of death shall be presented in writing to the officers of the said company at the home office in Springfield, Massachusetts, within two years after the death of the person whose life is hereby insured.

By every rule of construction in such cases the effect of this clause was to give two years after the death within which to give notice and furnish the proof of death.

If it was not intended to abrogate the proviso of the Massachusetts statute requiring such notice and proofs to be made within ninety days, then it is a snare and a delusion, well calculated to entrap the unwary, and lull

them into fancied security until all too late they find themselves deceived and beyond the pale of redress.

It cannot properly be said that the term of two years is given to impart notice and make proofs of death in case premiums are all paid upon the policy, and that this is a case of *special insurance* to which the two-year clause is not applicable, for the reasons: 1. The two-year clause is general and not limited to any particular exigency; 2. The insurance, in case of nonpayment of premiums, is only *special* in the sense that the policy is kept alive only so long as the net value of the policy will continue to extinguish the premiums.

The right to recover in such a case, if any, is upon the policy, and is " the same as if there had been no lapse of premium."

To say that in such a case no recovery can be had, without showing that notice and proofs of death were given within ninety days, is to beg the very question in issue, to assume there is no waiver, which is the questioned to be determined.

The waiver of notice and proofs within ninety days, by fixing the period at two years, stands in lieu of the ninety-day requirement, and when consummated within two years is as complete as it would have been, without the waiver, if performed within the ninety days. The defendant loses nothing by such waiver.

Under the statute, when it pays the policy it is authorized to deduct the premiums which fell due during the time the net value of such policy stood as security therefor, and extending the time to make the proofs of death will frequently have the effect of deferring the day of payment to the advantage of the insurer.

We recommend that the judgment be reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion, the

judgment is reversed and the cause remanded with directions to the court below to overrule the demurrer to the complaint.

MᶜFARLAND, J., TEMPLE, J., HENSHAW, J.