[Sac. No. 1521.   Department Two.—January 8, 1909.]

MARY C. TEBBETS, Appellant, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, (a Corporation), Respondent.

INSURANCE—ACTION ON POLICY—REASONABLE LIMITATION AS TO TIME FOR BRINGING.—A condition in a policy of insurance, providing that no recovery shall be had thereon unless suit be brought within a given time, is valid, if the time limited be in itself not unreasonable.

ID.—LIMITATION OF SIX MONTHS AFTER DEATH.—A condition in a policy of accident life insurance that "legal proceedings for recovery here-

under may not be brought before the expiry of three months from the date of filing proofs at the company's home office, nor brought at all unless begun within six months from time of death," is reasonable.

ID.—WAIVER OF STATUTE OF LIMITATIONS.—No distinction can be made upon the ground of public policy between the right of a party to waive the plea of the statute of limitations as a defense to an action, and his right to waive a portion of the time granted by the statute for the commencement of an action.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

A. A. De Ligne, and S. H. Jones, for Appellant.

Chickering & Gregory, for Respondent.

HENSHAW, J.—This action was brought to recover insurance, upon the death of F. F. Tebbets, under the terms of an accident life-insurance policy. Insured died September 4, 1904. Action was not commenced until April 5, 1905. The policy provided that affirmative proof of the death of the insured must be furnished the company within two months after its occurrence and that "legal proceedings for recovery hereunder may not be brought before the expiry of three months from the date of filing proofs at the company's home office, nor brought at all unless begun within six months from time of death." A general demurrer interposed to the complaint was sustained. From the judgment which followed plaintiff appeals.

The demurrer was properly sustained. The general rule, supported by the great weight of authority, is that a condition in a policy of insurance, providing that no recovery shall be had thereon unless suit be brought within a given time, is valid, if the time limited be in itself not unreasonable. In the following citations to text-books a vast number of authorities to this effect will be found collated: 4 Cooley on Insurance, p. 3964; May on Insurance, p. 478; 2 Beach on Insurance, sec. 1259; 4 Joyce on Insurance, sec. 3181; 1 Am. & Eng. Ency. of Law, p. 325; 1 Cyc. 281. This rule it will be found is that of the supreme court of the United States (*Riddlesbarger* v. *Hartford Ins. Co.*, 74 U. S. 386), and most

of the states of the union. In this state the principle is recognized and declared in *Case* v. *Sun Ins. Co.,* 83 Cal. 473, [23 Pac. 534]. Appellant places his reliance upon the case of *Union Central Life Ins. Co.* v. *Spinks,* 119 Ky. 261, [83 S. W. 615]. That case holds, upon grounds of public policy, that the statute of limitations may not thus be shortened or waived. Such is not the rule in this state, where such statutes are regarded as statutes of repose, carrying with them, not a right protected under the rule of public policy, but a mere personal right for the benefit of the individual, which may be waived. (*Ellis* v. *Massachusetts etc. Ins. Co.,* 113 Cal. 612, [54 Am. St. Rep. 373, 45 Pac. 988]; Civ. Code, sec. 3513; *Bliss* v. *Sneath,* 119 Cal. 526, [51 Pac. 848]; *Wells Fargo Co.* v. *Enright,* 127 Cal. 669, [60 Pac. 439]; *State Loan Co.* v. *Cochran,* 130 Cal. 245, [62 Pac. 466, 600].) We are unable to perceive that any distinction can be made upon the ground of public policy between the right of a party to waive the plea of the statute of limitations as a defense to an action, and his right to waive a portion of the time granted by the statute for the commencement of an action. The supreme court of Kentucky seems to be at variance with the consensus of judicial opinion upon this question. In discussing the general question this court said, in *State Loan Co.* v. *Cochran,* 130 Cal. 245, [62 Pac. 466, 600], declaring that the authorities uphold the validity of an agreement shortening for a definite or limited period the statute of limitations: "Nor has any case to the contrary been brought to our attention, excepting that of *Wright* v. *Gardner,* 98 Ky. 454, [33 S. W. 622, 35 S. W. 1116], which does not commend itself to our consideration." We are compelled to express the same view as to the case of *Union Central Ins. Co.* v. *Spinks,* 119 Ky. 261, [83 S. W. 615], relied upon by appellant. The six-months period was not in itself unreasonable. It began to run from the date of the death, and was not affected by the provision that legal proceedings could not be brought before the expiration of three months from the date of filing proofs. (*Appel* v. *Cooper Ins. Co.,* 76 Ohio St. 52, [80 N. E. 955].)

The judgment appealed from is, therefore, affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.