[Civ. No. 20179. First Dist., Div. One. Aug. 2, 1962.]

BOB CAPEHART, Plaintiff and Appellant, v. WALTER M.
HEADY, Defendant and Respondent.

Jack C. Hamson for Plaintiff and Appellant.

Rawles, Nelson & Golden for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment entered upon an order sustaining demurrer without leave to amend to plaintiff's second amended complaint, presenting as the sole question whether the limitation provided in the lease for bringing an action is, as a matter of law, unreasonable.[1] Defendant demurred to the second amended complaint on the ground that the complaint did not state a cause of action in that it appeared that the alleged cause of action was barred by the provisions of the lease upon which it was based. The court sustained the demurrer without leave to amend.

### Record

The second amended complaint alleges that on October 12, 1955, the parties entered into a "seven year written lease," copy of which was attached to the complaint;[2] that plaintiff performed all the conditions of the lease including the payment of rent, except as to conditions waived by defendant; that on April 12, 1960, defendant served upon plaintiff the attached notice to quit and to vacate the premises leased not later than May 14; "That the lease being for a two year term with an option for five more years is a seven year lease . . ."; that defendant had breached the lease for which breach plaintiff sought damages.

The lease states that it is for two years from October 12, 1955, "with option for 5 years." There is no allegation in

[1]Demurrers to the complaint and the first amended complaint were sustained with leave to amend.

[2]No copy was attached. However, a copy was attached to the original complaint. Defendant stipulated that it, as well as a copy of the notice to quit, hereinafter mentioned, be considered as attached to the second amended complaint.

388

the complaint of renewal at the end of the two-year period, unless the allegation that defendant permitted plaintiff to remain in possession and accepted rent for the period until April 12, 1960 (approximately two and a half years after the two-year period ended) could be considered to allege a renewal. The notice to quit refers to ''your month-to-month tenancy.'' However, no question seems to be raised by the parties concerning this situation. The only question discussed in the briefs is as to the effect of paragraph 12 of the lease providing the limitation period hereinafter discussed.

### LIMITATION OF ACTION

Paragraph 12 of the lease provides : ''CLAIMS. Lessee agrees in consideration of Lessor's execution of this lease that *any claim or defense of any kind by Lessee based upon or arising in connection with this lease or otherwise shall be barred unless asserted by Lessee by the commencement of an action or the interposition of a defense within three (3) months after any inaction or in the occurrence of any action to which claim or defense relates.* This provision shall survive any termination of this lease however arising.'' (Emphasis added.)

This action was filed November 21, 1960. The notice to quit was served April 12 over seven months prior to the filing of the suit.

■ The parties agree that under California law a provision shortening a statute of limitations can be validly contracted, qualified, however, by the requirement that the period fixed is not in itself unreasonable or is not so unreasonable as to show imposition or undue advantage. (See 31 Cal.Jur.2d, § 7, p. 435; *Beeson* v. *Schloss* (1920) 183 Cal. 618 [192 P. 292] ; *Tebbets* v. *Fidelity & Casualty Co.* (1909) 155 Cal. 137 [99 P. 501] ; *Ward* v. *System Auto etc. Garages, Inc.* (1957) 149 Cal.App.2d Supp. 879 [309 P.2d 577].)

Thus, the real question to be determined here is whether the allegations of the complaint show that the limitation is unreasonable. Plaintiff contends that this is a question of fact for the jury, while defendant claims it is one of law for the court. ■ The question is one of law, namely, is the period of limitation, *in itself,* unreasonable. See *Tebbets* v. *Fidelity & Casualty Co., supra,* 155 Cal. 137, holding on demurrer that the contract limitation there considered was not in itself unreasonable. In *Ward* v. *System Auto etc. Garages, Inc., supra,* 149 Cal.App.2d Supp. 879, a six months' limitation was held reasonable as a matter of law. So was a three months' period in *Beeson* v. *Schloss, supra,* 183 Cal. 618, 622-624. There are

statutory limitations which are three months or shorter. (Code Civ. Proc., §§ 341a and 349½ (three months) § 341.5 (two months) and § 349 (1 month).)

 The allegations in the complaint which plaintiff contends show that the limitation in the lease constitutes imposition, undue advantage, and unreasonableness follow.

1. Defendant was required to suspend his business to a large extent to find a new location and to move his tools, machinery and supplies there. He lost customers because thereof, the revenue from the business was reduced and his expenditures increased. His operating funds were so reduced that he was unable to advance the court costs necessary to initiate this legal action within the three months' period, which period is not long enough to enable a person to recoup his losses and accumulate sufficient funds to start an action, as a business which has moved does not usually operate with the same volume or efficiency for a while as it previously did.

It is obvious that such facts do not show that the three months' limitation is unreasonable. Financial considerations of the kind set forth here, while possibly to be considered on the question of damages, are not to be considered upon the question of limitation of action.

They, as well as the other reasons given by plaintiff for failing to recognize the limitation period, are all such as may be the natural consequences of any change of business premises. A lessee should have them in mind, when breaching the terms of his lease. Moreover, the determination of the reasonableness of the limitation period in a lease must be made as of the date of the lease. There is nothing unreasonable in requiring a service station lessee who claims to have been improperly ousted to assert such claim within three months of the ousting.

2. Paragraph 12 "applies to any claim that Lessee might have against the Lessor arising from any source and is not restricted to claims arising from the lease." The reasonable intent of the parties as appears from a reading of the lease is that the limitation bars only actions arising out of the lease, and that the words "or otherwise" are to be disregarded. In any event, plaintiff's claim arises out of the lease, and therefore if the "or otherwise" wording affects other claims, it is completely irrelevant so far as this action is concerned.

3. Plaintiff interprets the clause as starting the limitation to run from the time of any breach by the landlord rather than from the time when the tenant learns of the breach.

Assuming plaintiff's interpretation to be correct, plaintiff cannot complain, since from the moment the notice to quit was served upon him, the cause of action, if any, arose and plaintiff had notice. He waited over seven months thereafter to file suit.

4. There is a lack of mutuality in that the shortened period applies only to the lessee and not to the lessor. The agreement in *Beeson* v. *Schloss, supra,* 183 Cal. 618, 621, was similar to the lease here in that the limitation applied to only one party. It was there shown that the fact that a contractual limitation period operates upon the claims of one party to the contract and not of the other, does not make the period unreasonable. Particularly is this so in a lease, where without such a reasonable limitation the lessor might have his property tied up for an unlimited period. As the effect of the portion of the provision limiting the time for the lessee to defend against an action brought by the lessor is not before us, we deem it unnecessary to determine what the legal situation would be in the event that the lessor should bring an action against the lessee after the expiration of the three months' period.

5. The parties negotiated for two months concerning a settlement and the withdrawal of the notice after the notice to vacate was served. There is no allegation that any act of the defendant induced plaintiff to believe that defendant would not rely on the limitation clause. At best, the alleged negotiations would extend the time to sue, making some five months in all. Plaintiff did not sue for over seven and a half months.

6. The contract was drafted by the lessor and presented on a "take it or leave it" basis because of the lessor's superior bargaining position, and the sole purpose of the limitation is to give the lessor unfair and unjustified protection against the lessee. The latter statement is, of course, a conclusion not supported by facts. As to the "take it or leave it" argument, what is more of a "take it or leave it" contract, than the policy of insurance in which a six months' limitation (*Tebbets* v. *Fidelity & Casualty Co., supra,* 155 Cal. 137) was upheld?

7. The lease was of a service station, the operation of which could not be easily or readily moved because of the tools, equipment, etc. This fact in nowise would prevent the bringing of an action within the time prescribed.

*Frankini* v. *Bank of America* (1939) 31 Cal.App.2d 666 [88 P.2d 790], is not applicable here. There it was held that language on an "Authorization to Mail Statement and Vouchers" signed by the depositor requiring notification of error within 10 days showed imposition and undue influence and was there-

fore unreasonable, primarily because the time from which the ten-day period began to run was "fluctuating, vague and indefinite. This tie [time] is fixed in the following language: 'Within ten days after the expiration of the time covered by the statement.' An examination of the statements admitted as exhibits here, fails to show any designation of the 'time covered by this statement.' " (Pp. 675-676.) Again, the court held that the placing in large type on the statement of words referring to comparatively inconsequential matter instead of emphasizing the limitation language constituted a "trap for the unwary." In our case there is no such trap. Moreover, in *Frankini,* the court held that a contract between a bank and customers, because of the quasi-public nature of banking, should not be viewed in the same light as contracts in general. The limitation clause in the lease, different than the situation in *Frankini,* was agreed to by plaintiff in entering into the lease, and is clear and distinct.

None of the matters alleged in the second amended complaint tend to show that at the time of the making of the lease or at the time of its alleged breach the three months limitation was unreasonable or caused any imposition on plaintiff, or undue advantage to defendant.

Plaintiff's purported appeal from the order sustaining demurrer to the second amended complaint without leave to amend is dismissed. The judgment is affirmed.

Sullivan, J., and Agee, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.