# IN THE SUPREME COURT OF CALIFORNIA

KATHERINE ROSENBERG-WOHL,
Plaintiff and Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY,
Defendant and Respondent.

S281510

First Appellate District, Division Two
A163848

San Francisco City and County Superior Court
CGC-20-587264

_____

July 18, 2024

_____

Chief Justice Guerrero authored the opinion of the Court, in which Justices Corrigan, Liu, Kruger, Groban, Jenkins, and Evans concurred.

_____

# ROSENBERG-WOHL v. STATE FARM FIRE AND CASUALTY CO.

S281510

Opinion of the Court by Guerrero, C. J.

Section 2071 of the Insurance Code prescribes a standard form fire insurance policy, the provisions of which provide a baseline for fire insurance coverage in this state.[1] Language within the standard policy provides, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss." (§ 2071.) The issue before us is whether this one-year deadline for filing suit, as found within an insurance policy that is subject to section 2071, determines the timeliness of an insured's cause of action under the unfair competition law (UCL; Bus. & Prof. Code, § 17200 et seq.) that challenges the insurer's general practices in handling claims and through which the insured seeks only declaratory and injunctive relief on behalf of all policyholders, or whether the UCL's four-year statute of limitations (Bus. & Prof. Code, § 17208) governs instead.

In this case, a divided Court of Appeal affirmed the superior court's entry of judgment in favor of defendant State Farm Fire and Casualty Company (State Farm) upon agreeing with the lower court that plaintiff Katherine Rosenberg-Wohl's

---

[1] All subsequent undesignated statutory references are to the Insurance Code.

1

failure to file her lawsuit within one year of her loss defeated her cause of action under the UCL. The dissenting justice would have allowed plaintiff's suit to proceed, concluding that the UCL's four-year limitations period controlled.

We conclude that the dissent was correct. Plaintiff's lawsuit is not a "suit or action on [her] policy for the recovery of any claim." (§ 2071.) Plaintiff is not attempting to directly or indirectly recover damages associated with the denial of her insurance claim. Instead, plaintiff seeks only declaratory relief regarding State Farm's claims-handling practices generally and a forward-looking injunction under the UCL. In pursuing such relief, plaintiff brings an essentially "preventive" (*Nationwide Biweekly Administration, Inc. v. Superior Court* (2020) 9 Cal.5th 279, 326 (*Nationwide Biweekly*)) action to which neither the standard policy's language, nor the policy reasons underlying the Legislature's authorization of a one-year limitations period for filing certain kinds of claims-related lawsuits, applies. We therefore reverse the judgment below and remand the matter for further proceedings consistent with our opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal is from a judgment entered after the sustaining of a demurrer, " 'We give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] Further, we treat the demurrer as admitting all material facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law.' " (*County of Santa Clara v. Superior Court* (2023) 14 Cal.5th 1034, 1041.) We also consider matters that are subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Plaintiff procured a homeowners insurance policy from State Farm that provided coverage for all risks, including fire, except those specifically excluded under the policy. The policy excluded losses from, among other things, "wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown" and "settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings." One of the policy conditions provided as follows: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage" (boldface omitted).

On two occasions in late 2018 or early 2019, plaintiff's neighbor stumbled and fell as she descended a staircase at plaintiff's residence. After investigating, plaintiff discovered that the pitch of the stairs had changed, and that the stairs would have to be replaced to fix this issue. She authorized this work to be performed and contacted State Farm on or around April 23, 2019. On August 9, 2019, plaintiff submitted a claim to State Farm, seeking reimbursement for what she had paid to repair the staircase. On August 26, 2019, State Farm denied plaintiff's claim, advising her by letter that there was "no evidence of a covered cause or loss nor any covered accidental direct physical loss to the front exterior stairway" and identifying several exclusions within her policy as potentially applicable.

Plaintiff subsequently made a follow-up inquiry, to which a State Farm claims representative responded in August 2020. After a conversation between plaintiff and the claims representative later that month, the representative advised plaintiff once again that her claim was denied.

3

Plaintiff then filed two lawsuits in state court against State Farm in October 2020. In one of these lawsuits, plaintiff alleged claims for breach of contract and the implied covenant of good faith and fair dealing and sought damages against State Farm. State Farm removed that case to federal court. Agreeing with State Farm that plaintiff's lawsuit was barred under the limitations period found in her insurance policy because she did not file suit within one year of her loss, the federal district court granted the insurer's motion to dismiss plaintiff's second amended complaint (see Fed. Rules Civ.Proc., rule 12(b)(6), 28 U.S.C.). (*Rosenberg-Wohl v. State Farm Fire and Casualty Co.* (N.D.Cal. Mar. 28, 2022, No. 20-cv-09316-DMR) 2022 WL 901545, p. *8; see also *Rosenberg-Wohl v. State Farm Fire and Casualty Co.* (N.D.Cal. Sept. 17, 2021, No. 20-cv-09316-DMR) 2021 WL 4243389, p. *7 [granting State Farm's motion to dismiss plaintiff's first amended complaint, with leave to amend].) Plaintiff eventually abandoned her appeal in that matter.[2]

This lawsuit, meanwhile, remained in state court. As originally filed, plaintiff's second amended complaint (complaint), which is the operative complaint, asserted causes of action under the False Advertising Law (Bus. & Prof. Code, § 17500 et seq.) as well as the UCL. The complaint alleges that "State Farm has a practice of summarily denying and regularly summarily denies property insurance claims unless State Farm believes the particular claim falls into a category of likely coverage." State Farm allegedly "followed that practice" with plaintiff's claim. According to plaintiff, "[b]ecause State Farm

---

[2]     State Farm does not argue that the federal proceedings have any preclusive effect in this case.

did not investigate Plaintiff's claim, State Farm had no reasonable basis for its determination that coverage should be denied." State Farm's conduct allegedly "was and is designed to deny claimants coverage for all but the most obvious of covered claims, to the detriment of State Farm's policyholders and to its own benefit."

The complaint further alleges that "State Farm has a practice of obfuscating and regularly fails to make clear precisely what the basis is for its denials," as assertedly shown by State Farm's denial letter to plaintiff merely listing "a wide range of excluded risks that were *possibly* applicable" to plaintiff's claim. "Because State Farm did not identify any particular reason for its denial," the complaint alleges, "State Farm deprived plaintiff of any reasonable opportunity to question or challenge the basis of the denial, much less seek out and provide additional information that might be relevant and possibly change State Farm's mind." These practices are alleged to be contrary to State Farm's advertising, which leads consumers "to believe that upon submitting a claim to State Farm, State Farm would investigate the claim made and . . . , if denying the claim, will provide the reason(s)." According to plaintiff, "The failure of State Farm to investigate all claims made in a good faith and reasonable manner constitutes . . . an unfair business practice" under the UCL, as does "[t]he failure of State Farm to identify the applicable reasons for its denial."

Plaintiff seeks declaratory relief, injunctive relief, attorney fees under Code of Civil Procedure section 1021.5, and costs of suit. The complaint specifically disavows any claim for damages. Regarding injunctive relief under the UCL, plaintiff requests an order that would require State Farm, "when adjudicating any property insurance claim presented to it, to

give at least as much consideration to the interests of its insured as to its own interests." Although the complaint does not specify the precise declaratory relief plaintiff seeks, the pleading is fairly read as requesting a declaration concerning State Farm's allegedly widespread practices of summarily denying claims without proper investigation and not providing sufficiently clear explanations to policyholders regarding why their claims have been denied.

State Farm demurred to both causes of action alleged by plaintiff, arguing that under her policy, plaintiff had to file her lawsuit within one year of her loss. At the hearing on the demurrer, plaintiff abandoned her cause of action under the False Advertising Law. That cause of action is therefore no longer at issue in this matter. The superior court sustained the demurrer to plaintiff's UCL cause of action, concluding that the one-year limitation period in plaintiff's policy "applies to all of Plaintiff's causes of action, including her claim for unfair practices . . . because the essence of the relief sought relates to the denial of her claim." The court's order continued, "California cases interpreting one-year limitations provisions have made clear that the one-year provision bars both contract and tort actions not filed within the period, as long as the claim for relief is 'on the policy,' meaning that it seeks to recover policy benefits *or is grounded upon a failure to pay policy benefits*." "To be sure," the court recognized, "Plaintiff here does not seek to recover policy benefits. But the Court is persuaded that Plaintiff's claims are nonetheless 'on the policy' because they are 'grounded upon [State Farm's] failure to pay policy benefits.' Plaintiff's initial claim on the policy, State Farm's denial, and Plaintiff's subsequent claim for relief are all inextricably intertwined. . . . Though Plaintiff seeks equitable relief in the

form of an injunction . . . , as opposed to damages (i.e., policy benefits), the essence of the relief sought relates to the denial of her claim."

After plaintiff appealed, a divided Court of Appeal affirmed. (*Rosenberg-Wohl v. State Farm Fire and Casualty Co.* (2023) 93 Cal.App.5th 436, 440 (*Rosenberg-Wohl*).) The majority agreed with the court below that plaintiff's UCL claim was time-barred. Like the superior court, it concluded that the one-year time limit under plaintiff's insurance policy applied because "the crux of plaintiff's claim [citation] is 'grounded upon a failure to pay policy benefits.'" (*Rosenberg-Wohl*, at p. 452, quoting *Sullivan v. Allstate Ins. Co.* (C.D.Cal. 1997) 964 F.Supp. 1407, 1414 (*Sullivan*).) The majority also found "support for [its] conclusion in the substantive UCL law" (*Rosenberg-Wohl*, at p. 453), specifically, the requirement that to have standing under the UCL, a "plaintiff must establish that she has personally 'lost money or property,' that she has some form of economic injury — that she has 'personally suffered . . . harm'" (*Rosenberg-Wohl*, at p. 454, quoting *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 323 (*Kwikset*); see Bus. & Prof. Code, § 17204). This standing requirement would only be satisfied, the majority determined, if plaintiff sought to recover policy benefits through her action. (*Rosenberg-Wohl*, at pp. 453–454.)

The dissent, meanwhile, looked first to our decision in *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163 (*Cortez*), in which we rejected a "defendant's claim that the shorter periods of limitation applicable to contractual or statutory wage claims govern a UCL action based on failure to pay wages." (*Id.* at p. 179.) Regarding the UCL's limitations provision as "clear" (*Cortez*, at p. 178), we explained that "[a]*ny*

action on *any* UCL cause of action is subject to [its] four-year period of limitations" (*id.* at p. 179), which "admits of no exceptions" (*ibid.*). The dissent read *Cortez* as instructing that "whatever the limitations period may be for an action 'on' the insurance policy, whether mandated by contract or by operation of Insurance Code section 2071, a claim brought under the UCL is distinct, and it is governed by the UCL's four-year limitations period." (*Rosenberg-Wohl*, *supra*, 93 Cal.App.5th at p. 459 (dis. opn. of Stewart, P. J.).)

The dissent also disagreed with the majority that plaintiff's cause of action under the UCL was " 'on' the insurance policy" (*Rosenberg-Wohl*, *supra*, 93 Cal.App.5th at p. 457 (dis. opn. of Stewart, P. J.)) and therefore subject to a one-year time limit for bringing suit. In the dissent's view, "[t]he 'crux' of plaintiff's lawsuit [citation] is that State Farm is marketing homeowners insurance to the public, promising benefits on defined terms, while its claims adjustment process is, by design, so superficial (little to no investigation) and obscure (no communication with insureds about the basis for denials) that it manages to avoid paying out on all but the claims that are obviously covered. Plaintiff seeks only an injunction to rectify those practices on a prospective basis, generally applicable to State Farm's dealings with all its customers. . . . This lawsuit is not a disguised attempt[] to recover (or even litigate) any policy benefits. It seeks only to compel State Farm to reform the way it conducts business with its customers." (*Id.* at pp. 460–461 (dis. opn. of Stewart, P. J.).) The dissent contrasted plaintiff's lawsuit, so perceived, with past cases in which courts regarded claims by insureds as subject to the limitations periods specified within their insurance policies, which in the dissent's view "[a]ll involved claims based on refusal to pay policy benefits that were

simply repackaged as tort claims while still seeking policy benefits as damages." (*Id.* at p. 461 (dis. opn. of Stewart, P. J.), citing *Jang v. State Farm Fire & Casualty Co.* (2000) 80 Cal.App.4th 1291, 1303 (*Jang*); *CBS Broadcasting Inc. v. Fireman's Fund Ins. Co.* (1999) 70 Cal.App.4th 1075, 1086; *Velasquez v. Truck Ins. Exchange* (1991) 1 Cal.App.4th 712, 722 (*Velasquez*); *Prieto v. State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 1188, 1190 (*Prieto*); *Magnolia Square Homeowners Assn. v. Safeco Ins. Co.* (1990) 221 Cal.App.3d 1049, 1063; *Abari v. State Farm Fire & Casualty Co.* (1988) 205 Cal.App.3d 530, 536 (*Abari*); *Lawrence v. Western Mutual Ins. Co.* (1988) 204 Cal.App.3d 565, 575 (*Lawrence*); *Sullivan, supra*, 964 F.Supp. at p. 1415.)

The dissent also regarded "the UCL's unique scope and purpose," including the limited array of remedies available under the statute, as distinguishing a UCL claim such as the one brought by plaintiff from a tort or contract action seeking policy benefits. (*Rosenberg-Wohl, supra*, 93 Cal.App.5th at p. 462 (dis. opn. of Stewart, P. J.).) Finally, regarding the majority's standing analysis, the dissent noted that State Farm had not demurred to plaintiff's UCL cause of action on the ground that she lacked standing. (*Id.* at p. 464 (dis. opn. of Stewart, P. J.).) The dissent contended that plaintiff conceivably could satisfy the UCL's standing requirement in various ways and that, in any event, the standing question was ultimately distinct from whether plaintiff's UCL cause of action was an impermissible end-run around the one-year time period for bringing suit under the policy. (*Rosenberg-Wohl*, at p. 464 (dis. opn. of Stewart, P. J.).)

We granted plaintiff's petition for review to decide whether the one-year limitations period within plaintiff's

insurance policy and section 2071 applies to her cause of action under the UCL.

## II. DISCUSSION

State Farm argues that the one-year limitations period for bringing suit that appears within plaintiff's insurance policy and section 2071 applies here and controls the timeliness analysis. Plaintiff's loss occurred no later than April 2019, and plaintiff filed suit in October 2020. Thus, according to State Farm, even accounting for the short span in August 2019 between when plaintiff submitted her claim to State Farm and when coverage was denied, during which time the limitations period was tolled (see *Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 678 (*Prudential-LMI*)), plaintiff filed her lawsuit too late. We conclude otherwise. The parties agree that the limitations language in plaintiff's insurance policy is, for present purposes, equivalent to that found in section 2071, and we interpret the one-year deadline within that statute as inapplicable to the cause of action for declaratory and injunctive relief that plaintiff has alleged under the UCL. Because plaintiff filed suit well within the UCL's four-year limitations period (Bus. & Prof. Code, § 17208), it was timely.

The development of a standard fire insurance policy more than a century ago responded to market conditions in which "every [insurance] company issued a policy that suited its particular needs. These policies were drafted by company experts who did not always have at heart the best interest of the insured." (Wenck, *The Historical Development of Standard Policies* (1968) 35 J. Risk & Ins. 537, 538.) With the San Francisco earthquake and fire of 1906 providing an impetus (see

Cal. Dept. of Insurance, Forty-First Ann. Rep. of the Insurance Commissioner for the Year Ending Dec. 31, 1908 (1909) pp. 18–19), this state first enacted a standard form fire insurance policy in 1909.  The initial standard policy provided, in relevant part, "No suit or action on this policy for the recovery of any claim shall be sustained . . . unless begun within fifteen months next after the commencement of the fire."  (Stats. 1909, ch. 267, § 1, p. 409.)  The timeliness provision within the standard policy "was amended in 1949 to reflect the nearly uniform adoption (by 45 states at the time) of a 1-year limitations period in the 'Model New York Standard Fire Form Policy,' " a revised model policy that was promulgated in 1943.  (*Prudential-LMI*, *supra*, 51 Cal.3d at p. 682; see also *id*. at p. 683 [describing the development of the 1943 New York standard policy].)

The standard policy is today codified at section 2071. State Farm acknowledges that section 2071 applies to plaintiff's policy, which provides coverage for fire, among other perils.  (See *Unetco Industries Exchange v. Homestead Ins. Co.* (1997) 57 Cal.App.4th 1459, 1467 [discussing what is essential for an insurance policy to constitute "fire insurance" for purposes of § 2071]; cf. § 102, subd. (a) [defining "[f]ire insurance" under the Insurance Code generally].)  Moreover, before both the Court of Appeal and this court, State Farm has characterized the limitations provision within plaintiff's policy as equivalent to section 2071's timeliness language.  (See, e.g., *Rosenberg-Wohl*, *supra*, 93 Cal.App.5th at p. 449.)  In its answer brief filed in this court, for instance, State Farm asserted, "This common contractual limitations provision [within the policy] is coextensive with and authorized by Insurance Code section 2071."  (See also *Fire Ins. Exchange v. Superior Court* (2004) 116 Cal.App.4th 446, 459 ["[a]s long as the language of the

11

policy is substantially similar to the standard form [found in § 2071], the statutory language will control"]; *State Farm Fire & Casualty Co. v. Superior Court* (1989) 210 Cal.App.3d 604, 610.) Plaintiff has not offered a conflicting interpretation of the relevant policy language. Therefore, in addressing the question before us, we regard the policy language as congruent with the limitations provision in section 2071 and begin our analysis with the language of that statute. (See *Prudential-LMI*, *supra*, 51 Cal.3d at p. 684.)[3]

As previously stated, section 2071 provides in relevant part, "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."[4] The one-year timeliness provision thus applies when a cause of action is "on [the] policy" and "for the recovery of [a] claim." (§ 2071.)

Prior decisions that have addressed limitations provisions in insurance policies covered by section 2071 have focused upon whether the plaintiff's suit or action was " 'on the policy,' " in which case the policy's limitations period would apply.

[3] The positions of the parties notwithstanding, it is not self-evident that the limitations language in plaintiff's insurance policy *is* equivalent, for all purposes, to the timeliness provision appearing within section 2071. In accepting the parties' characterization of the policy text, we do not address how this language might be interpreted in cases presenting different issues.

[4] If the loss is related to a state of emergency, as defined in subdivision (b) of section 8558 of the Government Code, the standard form policy extends the time to bring suit to 24 months after inception of the loss. (§ 2071.)

(*Velasquez, supra*, 1 Cal.App.4th at p. 722 ["Among the damages sought by appellants are the policy benefits plus interest, revealing that their action . . . is an 'attempt to recover on the policy' "]; see also *Jang, supra*, 80 Cal.App.4th at pp. 1302–1304; *Prieto, supra*, 225 Cal.App.3d at p. 1195 [regarding a plaintiff's suit alleging bad faith denial of coverage and intentional infliction of emotional distress as subject to "the legislatively prescribed limitation for actions that are 'on the policy' because [it was] grounded in a failure to pay benefits that are due under the policy and indeed constitute its very reason for being"]; *Abari, supra*, 205 Cal.App.3d at p. 536 [rejecting what the court regarded as "a transparent attempt to recover *on the policy*, notwithstanding [the plaintiff's] failure to commence suit within one year of accrual"].)

The parties here have likewise focused primarily although not exclusively on section 2071's "on this policy" language. State Farm asserts that this language captures "any theory arising out of the insurer's handling of claims for policy benefits." Plaintiff argues that her action is not "on [the] policy" (§ 2071) insofar as it challenges State Farm's business practices generally, not the insurer's rejection of her claim specifically. Similarly, the Attorney General, appearing as amicus curiae in support of plaintiff, argues that plaintiff's suit is not "on [the] policy" (*ibid*.) because "it does not seek to enforce the terms of the insurance policy."

Although section 2071's "on this policy" text is relevant here, we do not limit our review to any particular word or phrase appearing in a statute, but instead consider the language of a statute as a whole. (See, e.g., *Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 20; *People v. Castillolopez* (2016) 63 Cal.4th 322, 329.) The limitations

provision found within section 2071 does not apply without further qualification to all suits or actions "on this policy"; it applies to suits or actions "on this policy *for the recovery of any claim*." (§ 2071, italics added.) State Farm argues that "for the recovery of any claim" (*ibid*.) should be read broadly as meaning "for the recovery of any relief." The Attorney General disagrees, perceiving other uses of the word "claim" within section 2071 as establishing that as it appears in the section's limitations provision, this word refers to a claim for benefits directed to an insurer pursuant to the terms of the insurance policy. (E.g., *ibid*. ["The insurer shall notify every claimant that they may obtain, upon request, copies of claim-related documents. For purposes of this section, 'claim-related documents' means all documents that relate to the evaluation of damages"].) With claims themselves being designed to secure insurance proceeds (see *ibid*. [discussing claim-presentation procedures]), under this interpretation the phrase "recovery of any claim" within section 2071 is best understood as concerned with suits or actions seeking a monetary award owing to such a claim. (See Black's Law Dict. (11th ed. 2019) p. 1528, col. 2 [defining "recovery" as "The regaining or restoration of something lost or taken away" and "The obtainment of a right to something (esp. damages) by a judgment or decree"].)[5]

---

[5]     This interpretation of section 2071 is bolstered by the statute's running of the limitations period from the "inception of the loss." (§ 2071.) "The word 'loss' is one of common use in insurance parlance" that has been defined as " 'injury, destruction, or damage in such a manner as to charge the insurer with a liability under the terms of the policy.' " (*Jarrett v. Allstate Ins. Co.* (1962) 209 Cal.App.2d 804, 811.) This use of

Regardless of what "on this policy" (§ 2071) and "for the recovery of any claim" (*ibid*.) might mean in isolation, we conclude that this lawsuit is not a "suit or action on [the] policy for the recovery of any claim" (*ibid*.).  We regard this language, read in the context of the statute as a whole, as concerned with causes of action that in some manner seek a financial recovery attributable to a claimed loss that was coverable under a policy. Plaintiff, however, pursues only broad declaratory relief pertaining to State Farm's alleged claims-handling practices and an injunction that would require State Farm to "give at least as much consideration to the interests of its insured as to its own interests."  These requests for declaratory and injunctive relief do not directly or indirectly pursue the recovery of benefits under plaintiff's insurance policy, or for that matter any financial recovery for plaintiff.  Instead, these forms of relief are being invoked here on behalf of consumers generally and in service of the UCL's protective and preventive functions.  (See *Nationwide Biweekly*, *supra*, 9 Cal.5th at p. 326 [describing the UCL's "primary objective" as "preventive, authorizing the exercise of broad equitable authority to protect consumers"]; *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 382 (*Zhang*) ["[a] UCL claim does not duplicate the contract and tort causes of action involved in bad faith litigation"]; *Kwikset*, *supra*, 51 Cal.4th at p. 337 [explaining that injunctive relief " 'under the UCL . . . protect[s] consumers from unfair business practices' "]; *In re Tobacco II Cases* (2009) 46 Cal.4th 298, 320 ["The purpose of [injunctive] relief, in the context of a UCL

"loss" therefore could be perceived as another indication that, in referring to a "claim," the statute is concerned with claims for benefits under a policy.

action, is to protect California's consumers against unfair business practices by stopping such practices in their tracks"].)

It follows from the analysis above, together with State Farm's acknowledgement that the limitations provision within plaintiff's insurance policy is equivalent to the timeliness language appearing in section 2071, that the one-year deadline found in both that statute and the policy does not apply to plaintiff's cause of action under the UCL.

State Farm's arguments for applying the one-year limitations provision to plaintiff's UCL cause of action all fall short. Regarding the text of section 2071, State Farm contends that the one-year time limit must extend to causes of action seeking declaratory and injunctive relief because the limitations language in section 2071 refers to suits or actions brought in courts of "law *or equity*." (Italics added.) But this reference to courts of equity, read in context, is better understood as concerned with suits or actions that invoke equitable theories and remedies, such as unjust enrichment, in pursuing financial recovery on an insurance claim. (See *Orange Catholic Foundation v. Arvizu* (2018) 28 Cal.App.5th 283, 293 [discussing the latitude courts have in crafting equitable remedies]; *Lickiss v. Financial Industry Regulatory Authority* (2012) 208 Cal.App.4th 1125, 1133; 30 Cal.Jur.3d (2021) Equity, § 14, pp. 586–587 [discussing a court's power to exercise its equitable jurisdiction to award monetary relief]; *id.*, § 61, p. 664 [enumerating the "numerous and varied" remedies available in equity].) Even if we were to assume that forms of equitable relief involving monetary awards would be captured by the statutory limitations language, the injunctive and declaratory

16

remedies that are being pursued here would not be similarly covered, because they do not involve such a recovery.[6] [7]

State Farm also argues that allowing plaintiff's suit to proceed would contravene section 2071's goal of avoiding stale claims that carry a heightened risk of fraud and mistake. (See *Bollinger v. National Fire Ins. Co.* (1944) 25 Cal.2d 399, 407 ["The short statutory limitation period in the present case is the result of long insistence by insurance companies that they have additional protection against fraudulent proofs, which they could not meet if claims could be sued upon within four years as in the case of actions on other written instruments"]; *Aliberti v. Allstate Ins. Co.* (1999) 74 Cal.App.4th 138, 145.) Yet the Legislature could well have been more concerned about late-

---

[6] Because plaintiff does not request these forms of relief, we express no opinion whether, or under what circumstances, a cause of action through which an insured sought a monetary award styled as restitution, an injunction that indirectly pursued a monetary award (by, for example, requiring the insurer to revisit its previous denial of a claim), or declaratory relief different from that pursued here would involve a "suit or action on [the] policy for the recovery of any claim." (§ 2071.)

[7] State Farm also juxtaposes the timeliness language in section 2071 against language in another statute that created a revival window for "any insurance claim for damages arising out of the Northridge earthquake of 1994" that was time-barred due to the expiration of the statute of limitations. (Code Civ. Proc., § 340.9, subd. (a).) We do not agree with State Farm that the absence of the modifier "for damages" (*ibid.*) within section 2071 establishes that the statute's one-year limitations period applies in circumstances such as those presented here. Section 2071 uses limiting language different from that contained in Code of Civil Procedure section 340.9, subdivision (a), but as we have explained, its qualifying language matters here; this is not a "suit or action on this policy for the recovery of any claim." (§ 2071.)

17

raised claims seeking recovery of policy benefits than with the timeliness of other lawsuits, such as the one before us, that do not necessarily involve the same financial incentives for committing fraud.

Furthermore, any concerns regarding staleness are mitigated here by the fact that in seeking injunctive relief, plaintiff bears the burden of showing " 'a threat that the wrongful conduct will continue.' " (*Davis v. Farmers Ins. Exchange* (2016) 245 Cal.App.4th 1302, 1326.) " ' "Injunctive relief will be denied if, at the time of the order of judgment, there is no reasonable probability that the past acts complained of will recur . . . ." ' " (*Id.* at pp. 1326–1327; see also *In re Tobacco Cases II* (2015) 240 Cal.App.4th 779, 802; *Colgan v. Leatherman Tool Group, Inc.* (2006) 135 Cal.App.4th 663, 702; *Madrid v. Perot Systems Corp.* (2005) 130 Cal.App.4th 440, 464–465.) In this respect, it will commonly become more difficult for a plaintiff to make the showing necessary to obtain injunctive relief as more time elapses between the events that form the basis of a lawsuit and when the action is filed. This dynamic both incentivizes the prompt presentation of UCL claims seeking this kind of relief and lessens the likelihood of prejudice to an insurer that might flow from any delay.

The discretionary aspect of equitable relief under the UCL serves as an additional deterrent to stale and suspect claims. "[T]he equitable remedies of the UCL are subject to the broad discretion of the trial court" (*Zhang, supra*, 57 Cal.4th at p. 371) and the statute does not require such relief even " 'when an unfair business practice has been shown. Rather, it provides that the court "*may* make such orders or judgments . . . as may be necessary to prevent the use or employment . . . of any practice which constitutes unfair competition . . . or as may be

necessary to restore . . . money or property." ' " (*Ibid*.) In addition, a court may properly take equitable considerations raised by a defendant — including laches — into account in deciding whether an injunction is proper, and in crafting any injunctive relief. (*Cortez, supra,* 23 Cal.4th at pp. 180–181.) This "consideration of the equities between the parties" (*id*. at p. 181) functions as an additional incentive for UCL plaintiffs to promptly file any lawsuit in which they seek equitable relief.[8]

State Farm also relies on Court of Appeal decisions, referenced earlier in this opinion, that have construed the time limits for filing suit found in insurance policies governed by section 2071[9] as applicable to various causes of action that were

---

[8]   Government agencies also may challenge insurers' claims-handling procedures and seek injunctive relief under the UCL at any point within the statute's four-year limitations period. (See Bus. & Prof. Code, §§ 17204, 17208.) Cutting off the ability of private plaintiffs, alone, to bring such actions one year after inception of a loss would therefore provide an incomplete solution to any perceived issue regarding a heightened risk of mistakes in claim presentation and adjudication owing to the passage of time.

[9]   Periods for filing suit *longer* than the 12 months specified in the standard form policy have been regarded as permissible pursuant to section 2070, which provides in relevant part, "No part of the standard form [set out in section 2071] shall be omitted therefrom except that any policy providing coverage against the peril of fire only, or in combination with coverage against other perils, need not comply with the provisions of the standard form of fire insurance policy or Section 2080; provided, that coverage with respect to the peril of fire, when viewed in its entirety, is substantially equivalent to or more favorable to the insured than that contained in such standard form fire insurance policy." (See, e.g., *Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076, 1085, fn. 9.)

determined to be "on [the] policy." (E.g., *Jang, supra,* 80 Cal.App.4th at pp. 1302–1304; *Velasquez, supra,* 1 Cal.App.4th at pp. 721–722; *Prieto, supra,* 225 Cal.App.3d at p. 1195; *Abari, supra,* 205 Cal.App.3d at p. 536; *Lawrence, supra,* 204 Cal.App.3d at p. 575.) Noting that these matters involved plaintiffs who alleged theories of recovery different from a simple breach of contract, State Farm regards these cases as supporting its position that insureds have "one year to sue on any theory arising out of the insurer's handling of claims for policy benefits."

State Farm misreads the holdings of these decisions. These cases all involved attempts to recover damages owing to an assertedly improper failure to provide benefits under an insurance policy subject to section 2071. None of the appellate decisions cited by State Farm had occasion to consider a lawsuit such as plaintiff's that challenges an insurer's general claims-handling protocols and seeks only broad injunctive and declaratory relief to stop an allegedly unfair and widespread business practice.

Furthermore, these decisions have suggested the limited nature of their holdings by distinguishing the facts involved in *Murphy v. Allstate Ins. Co.* (1978) 83 Cal.App.3d 38. (*Jang, supra,* 80 Cal.App.4th at pp. 1301–1303; *Velasquez, supra,* 1 Cal.App.4th at pp. 719–720; *Prieto, supra,* 225 Cal.App.3d at pp. 1193–1194; *Abari, supra,* 205 Cal.App.3d at p. 536; *Lawrence, supra,* 204 Cal.App.3d at p. 575.) The court in *Murphy* allowed the plaintiff insured to pursue various tort theories against his insurer notwithstanding a failure to comply with a timeliness provision within his policy that mirrored the language in section 2071. (*Murphy,* at pp. 44, 47–49.) *Murphy* emphasized that the plaintiff's causes of action involved alleged

misconduct by the insurer (including retaining assertedly unqualified contractors to perform repair work and filing an interpleader action that delayed the award of policy benefits) that the court regarded as distinct from the initial denial of benefits, and which allegedly led to damages that were not recoverable under the policy. (*Id.* at pp. 47–49.)[10] Although one court has since said that *Murphy* should be "narrowly construed" (*Jang*, at p. 1301), the decision also "remains compelling," in the same court's words, "to the extent that it sets forth a narrow exemption" (*id.* at p. 1302) from the limitations bar for causes of action involving alleged misconduct by an insurer sufficiently distinguishable from conduct deemed "on [the] policy" (§ 2071) and thus subject to section 2071. (*Jang*, at p. 1302; see also *Lawrence*, at p. 575 [distinguishing *Murphy* on the ground that the causes of action that were allowed to proceed in that case involved circumstances that merely "related to the policy" and "occurred after the initial policy coverage was triggered"].)

We do not have to determine here whether *Murphy* was correctly decided, nor for that matter must we review every aspect of the reasoning in other decisions that have addressed

---

[10] Somewhat similarly to the distinction drawn in *Murphy*, the court in *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247 regarded the claim-revival statute codified at Code of Civil Procedure section 340.9 as intended to "revive claims barred by . . . insurance policies' one-year limitations provision, the minimum limitations period set by Insurance Code section 2071" (*20th Century Ins. Co.*, at p. 1280), and determined that this revival provision applied to a plaintiff's bad faith cause of action against the insurer, but not to the plaintiff's cause of action for fraud, which was seen as alleging an "entirely separate act of misconduct" (*id.* at pp. 1279–1281).

whether a particular suit or action was "on [the] policy." (§ 2071.)  The fundamental point is that, properly read, the Court of Appeal decisions State Farm relies upon have *not* held that the time limits within policies subject to section 2071 extend to "any theory arising out of the insurer's handling of claims for policy benefits," as the insurer puts it.  None of these decisions involved such an expansive holding, unmoored to the specific facts before the court.  Instead, each decided only whether a cause of action for damages portrayed as different from a cause of action for breach of an express contractual term nevertheless sufficiently resembled, or was so intertwined with, a demand for policy benefits that it should be considered "on [the] policy" (§ 2071) and thus subject to the policy's limitations period.  (See *Prudential-LMI*, *supra*, 51 Cal.3d at p. 692 [discussing *Abari*]; *Rosenberg-Wohl*, *supra*, 93 Cal.App.5th at p. 461 (dis. opn. of Stewart, P. J.) [expressing a similar understanding of these cases].)[11]

So understood, the analysis in the decisions State Farm relies upon has been broadly consistent with the interpretation of section 2071 that we adopt here.  (§ 2071.)  To be clear, we agree with these decisions that the prescribed limitations period applies to a cause of action for damages that is "inextricably bound" (*Velasquez*, *supra*, 1 Cal.App.4th at p. 722; see also

---

[11] Two federal district court decisions cited by State Farm did apply one-year limitations periods appearing in insurance policies to UCL claims seeking injunctive relief.  (*Keller v. Federal Ins. Co.* (C.D.Cal. Feb. 13, 2017, No. CV 16-3946-GW(PJWx)) 2017 WL 603181, p. *15; *Enger v. Allstate Ins. Co.* (N.D.Cal. Apr. 5, 2016, No. 16-cv-000136-JSW) 2016 WL 10829363, p. *6.)  To the extent these decisions may conflict with our analysis, we decline to adopt their approach.

*Prieto*, *supra*, 225 Cal.App.3d at p. 1195) to a denial of coverage, even if the cause of action is alleged to sound in tort instead of contract and a plaintiff alleges resulting damages going beyond the withheld policy proceeds. (Cf. *Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 606 ["It is widely understood that a plaintiff is not permitted to evade a statute of limitations by artful pleading that labels a cause of action one thing while actually stating another"].) Likewise, as has been explained (at fn. 6, *ante*), we leave open the possibility that on different facts, a cause of action that requests only equitable relief nonetheless may be regarded as subject to section 2071's limitations provision, as found in policies promulgated under the statute. But those are not the circumstances presented in this case.

The Court of Appeal majority below also determined that plaintiff *must* be regarded as seeking policy benefits through her UCL cause of action because otherwise she would lack standing under that statute, which requires that a private plaintiff have "suffered injury in fact and [have] lost money or property as a result of the unfair competition" in order to pursue relief under the statute. (Bus. & Prof. Code, § 17204.) But the critical issue here — whether plaintiff's lawsuit is a "suit or action on [the] policy for the recovery of any claim" (§ 2071) — presents a question distinct from her standing to proceed under the UCL. We have determined that with plaintiff not pursuing a financial recovery under her policy but rather broad injunctive and declaratory relief, this is not a suit to which the statutory language applies, and that alone is dispositive here. The UCL's standing requirement does not provide grounds for perceiving plaintiff's UCL cause of action as seeking something it is not.

The Court of Appeal majority also relied upon our observation in *Aryeh v. Canon Business Solutions, Inc.* (2013)

23

55 Cal.4th 1185, a case involving the applicability of continuous accrual rules to causes of action under the UCL, "That a cause of action is labeled a UCL claim is not dispositive; instead, 'the nature of the right sued upon' [citation] and the circumstances attending its invocation control the point of accrual." (*Aryeh*, at p. 1196.) The Court of Appeal reasoned that these same considerations also inform whether plaintiff's UCL cause of action should be regarded as "on the policy" and therefore subject to the policy's one-year time period for filing suit. (*Rosenberg-Wohl, supra,* 93 Cal.App.5th at p. 449.) This reliance on *Aryeh* is misplaced here. As previously explained, with plaintiff pursuing only broad declaratory and injunctive relief it is evident that her UCL cause of action is not captured by section 2071's "on [the] policy for the recovery of any claim" phrasing, resolving the crucial question before us.

Finally, State Farm observes that this court and others have long recognized the validity of provisions within insurance policies whereby the parties agree to shorten an otherwise applicable statutory limitations period. (See, e.g., *Fageol T. & C. Co. v. Pacific Indemnity Co.* (1941) 18 Cal.2d 748, 753; *Tebbets v. Fidelity and Casualty Co.* (1909) 155 Cal. 137, 138–139; *C & H. Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1064.) Yet with State Farm having taken the position that the limitations provision in plaintiff's insurance policy is equivalent to section 2071's "[n]o suit or action on this policy for the recovery of any claim" language, our interpretation of the statute, as set out above, means there has been no agreement between State Farm and plaintiff to shorten the limitations period applicable to plaintiff's UCL cause of action from four years to one — even if we were to assume the enforceability of

such a provision.[12]   The general principle invoked by State Farm, therefore, is not implicated here.

## III.  DISPOSITION

We conclude that the one-year limitations period within section 2071 and plaintiff's insurance policy with State Farm does not apply to her UCL cause of action seeking declaratory and injunctive relief.  Since plaintiff's lawsuit was brought within the four-year period provided under the UCL, we reverse the judgment of the Court of Appeal and remand the matter to

---

[12]   Because this case can be resolved on the ground that it does not involve a "suit or action on [the] policy for the recovery of [a] claim" (§ 2071) and the one-year limitations period in the parties' insurance agreement does not extend to plaintiff's UCL cause of action, we do not address the broader argument that the four-year period for bringing UCL claims specified by Business and Professions Code section 17208, as construed by this court in *Cortez*, *supra*, 23 Cal.4th at page 179, may *never* be shortened by agreement.

In addition, in light of the parties' litigation positions, we have no occasion here to consider the validity of a provision within an insurance policy subject to section 2071 that purports to apply a one-year time period for filing suit to a broader array of causes of action than just those "on this policy for the recovery of any claim."  (§ 2071; see § 2070.)  We also express no views regarding the merits of plaintiff's action under the UCL or whether she is entitled to the relief she seeks.

that court with directions that it be remanded to the superior court for further proceedings consistent with our decision.

**GUERRERO, C. J.**

**We Concur:**

**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**EVANS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  Rosenberg-Wohl v. State Farm Fire & Casualty Co.

_____

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 93 Cal.App.5th 436
**Review Granted (unpublished)**
**Rehearing Granted**

_____

**Opinion No.** S281510
**Date Filed:**  July 18, 2024

_____

**Court:**  Superior
**County:**  San Francisco
**Judge:**  Anne-Christine Massullo

_____

**Counsel:**

Hershenson Rosenberg-Wohl and David M. Rosenberg-Wohl for Plaintiff and Appellant.

Rob Bonta, Attorney General, Michael J. Mongan, State Solicitor General, Nicklas A. Akers, Assistant Attorney General, Christopher D. Hu and Samuel T. Harbourt, Deputy State Solicitors General, Michele Van Gelderen and Adelina Acuña, Deputy Attorneys General, for the California Attorney General as Amicus Curiae on behalf of Plaintiff and Appellant.

Horvitz & Levy, Lisa Perrochet, Jason R. Litt, Jasjaap S. Sidhu; DTO Law, Lauren Hudecki, Megan O'Neill and Erik P. Mortensen for Defendant and Respondent.

Gutierrez, Preciado & House and Calvin House for the Civil Justice Association of California as Amicus Curiae on behalf of Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

David M. Rosenberg-Wohl
Hershenson Rosenberg-Wohl, A Professional Corporation
3080 Washington Street
San Francisco, CA 94115
(415) 317-7756

Christopher D. Hu
Deputy State Solicitor General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
(415) 510-3917

Lisa Perrochet
Horvitz & Levy LLP
3601 West Olive Avenue, 8th Floor
Burbank, CA 91505-4681
(818) 995-0800